UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FRANCISCO FABARA,

    Plaintiff,

vs.                              No.: 1:14-cv-01146

GOFIT, L.L.C.

    Defendant.

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

GoFit, L.L.C. ("GoFit"), by and through its attorneys, Allen Shepherd, Lewis & Syra, P.A. (Christopher R. Reed, and Joshua A. Collins) and pursuant to Rule 26(c), hereby submits its Motion for Protective Order and Partial Stay of Discovery Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

**I. FACTS**

Plaintiff filed his Complaint in state court on November 11, 2014. GoFit removed the case to federal court and subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction on March 17, 2015. GoFit's Motion to Dismiss for Lack of Personal Jurisdiction is pending before the Court and a hearing date is not set. Plaintiff is scheduled to take the deposition of Charles Caswell, CEO of GoFit, L.L.C., and Richard Davis, President of GoFit, L.L.C., on April 1, 2015. Subjecting GoFit to unlimited discovery at this stage in the proceedings would result in undue burden and expense, as it remains to be determined whether Plaintiff's action may go forward in New Mexico. If GoFit engages in discovery on the merits in the pending suit, only to prevail in its Motion to Dismiss, then the parties will have engaged in unnecessary discovery and GoFit will be exposed to double discovery if there is a subsequent

suit in another jurisdiction. Therefore, GoFit requests an order staying all discovery that is unrelated to personal jurisdiction and limiting the scope of deposition discovery of Mr. Caswell and Mr. Davis to questions pertaining to personal jurisdiction pending resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Counsel for GoFit has in good faith conferred with Plaintiff in an effort to resolve the dispute without court action. Plaintiff opposes this Motion.

## II. STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). "The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court." *Sallie v. Spanish Basketball Fed'n*, No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *1 (D. Colo. 2013) citing *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir.1990).

## III. ARGUMENTS AND AUTHORITIES

Courts have held that good cause to stay discovery exists when "resolution of a preliminary motion may dispose of the entire action." See *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.) *aff'd,* 87 F. App'x 713 (11th Cir. 2003). Courts also recognize that a stay of discovery may be warranted while proper jurisdiction for the lawsuit is still unresolved. *See, e.g., Sallie,* 2013 WL 5253028, at *2 (internal citations omitted). Specifically, courts recognize that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later granted." *See i.d.*, citing, *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

In this case, GoFit has challenged personal jurisdiction, and whether jurisdiction is appropriate in New Mexico remains unresolved. If GoFit is subjected to unlimited discovery at this stage in the proceedings and its pending Motion to Dismiss is later granted, GoFit would have engaged in unnecessary discovery and would be subjected to the undue burden and expense of duplicate discovery if there were any subsequent suits. Rather, for the time period while GoFit's Motion is pending, GoFit requests the Court to limit the scope of discovery to matters of personal jurisdiction. Such a limiting order would still afford Plaintiff the opportunity to develop any necessary evidence and at the same time protect GoFit from undue burden and expense.

WHEREFORE, Defendant respectfully requests pursuant to Rule 26(c) that the Court enter an order staying discovery unrelated to personal jurisdiction and limiting the scope of deposition discovery of Mr. Caswell and Mr. Davis to questions pertaining to personal jurisdiction pending resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

Electronically Submitted,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

Christopher R. Reed
Joshua A. Collins
P.O. Box 94750
Albuquerque, NM 87199-4750
Telephone: (505) 341-0110
Fax: (505) 341-3434
creed@allenlawnm.com
*Attorneys for Defendant GoFit, L.L.C.*

THIS IS TO CERTIFY that a true and correct copy of the foregoing pleading was served via the CM/ECF system on this 25 day of March, 2015 to the following:

Ronald Segel   ron@fergusonlaw.com; gloria@fergusonlaw.com
Will Ferguson & Associates

_____
Joshua A. Collins