**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FRANCISCO FABARA,

Plaintiff,

vs. No. CIV 14-1146 JB/KK

GOFIT, LLC,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Protective Order and Partial Stay of Discovery Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed March 25, 2015 (Doc. 25)("Motion"). The Court held a hearing on March 31, 2015. The primary issue is whether the Court will stay discovery until it rules on Defendant GoFit, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, filed March 17, 2015 (Doc. 21)("MTD"). Because GoFit, LLC has not shown that Plaintiff Francisco Fabara's discovery requests are particularly onerous, and because it is unlikely that there will be duplicitous discovery even if the Court grants the MTD, the Court will deny the Motion.

**FACTUAL BACKGROUND**

The Court takes its facts from the Complaint for Damages for Injury, filed December 19, 2014 (Doc. 1-1)("Complaint"). At some point before April 26, 2014, Fabara purchased, for his personal home use, a sixty-five centimeter Ultimate Core Stability Ball (the "Exercise Ball") that GoFit, LLC manufactures. Complaint ¶¶ 4-5, at 1-2.[1] On April 26, 2014, Fabara was using the Exercise Ball in the course of his exercise routine, and, suddenly and without warning, the

[1]The Court will use the Complaint's internal pagination -- i.e., the numbers in the middle and on the bottom of each page -- rather than CM/ECF's.

Exercise Ball exploded and deflated, causing Fabara to tumble to the floor and injuring his forearm, wrist, shoulders, and back. See Complaint ¶¶ 6-8, at 2. Before the Exercise Ball exploded, Fabara was using it according to its labeling and instructions, and in the same manner in which Fabara had previously used it. See Complaint ¶ 7, at 2. Because of the explosion, Fabara suffered personal injuries, which (i) have required, and may in the future continue to require, medical, surgical and related treatment; (ii) have resulted, and in the future will continue to result, in physical and emotional pain and suffering; (iii) have resulted, and may in the future continue to result, in lost earnings; and (iv) have resulted in disfigurement. See Complaint ¶ 9, at 2.

**PROCEDURAL BACKGROUND**

On November 11, 2014, Fabara filed suit in the First Judicial District Court, County of Santa Fe, New Mexico. See Complaint at 1. About a month later, on December 19, 2014, GoFit, LLC removed the case to federal court, asserting diversity jurisdiction. See Notice of Removal, filed December 19, 2014 (Doc. 1). Fabara brings three causes of action against GoFit, LLC: (i) strict product liability, see Complaint ¶¶ 10-13, at 2 (Count I); (ii) breach of implied warranty, see Complaint ¶¶ 14-17, at 3 (Count II); and (iii) negligence, see Complaint ¶¶ 18-21, at 3 (Count III). Fabara asks the Court for judgment against GoFit, LLC "for compensatory damages in a reasonable amount for the physical, emotion and financial harm suffered by plaintiff, for pre-judgment and post-judgment interest, and for taxable costs." Complaint at 4.

GoFit, LLC filed the MTD on March 17, 2015. In the MTD, GoFit, LLC asserts that the Court does not have personal jurisdiction over GoFit, LLC, because: (i) Fabara bought the Exercise Ball outside of New Mexico; (ii) GoFit, LLC's primary place of business is in Oklahoma; and (iii) GoFit, LLC is not registered to do business in New Mexico, owns no

buildings or land in New Mexico, has no employees or agents in New Mexico, has no telephone listings or bank accounts in New Mexico, and does not direct any advertising specifically to New Mexico. See MTD at 1-2. Fabara was also scheduled to depose Charles Caswell, GoFit, LLC's Chief Executive Officer, and Richard Davis, GoFit, LLC's President, on April 1, 2015. See Motion at 1.

**1. The Motion.**

GoFit, LLC filed the Motion on March 25, 2015. In the Motion, GoFit, LLC asks the Court to stay all discovery unrelated to personal jurisdiction until the Court rules on the MTD. See Motion at 2. GoFit, LLC explains that the Court "'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Motion at 2 (quoting Fed. R. Civ. P. 26(c)). According to GoFit, LLC, courts have held that good cause to stay discovery exists when the resolution of a preliminary motion may dispose of the entire action. See Motion at 2 (citing Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692 (M.D. Fla. 2003)). GoFit, LLC points out that the Court's personal jurisdiction over it remains unresolved. See Motion at 3. GoFit, LLC warns that, if it is subjected to unlimited discovery and the Court later grants the MTD, GoFit, LLC "would have engaged in unnecessary discovery and would be subjected to the undue burden and expense of duplicate discovery if there were any subsequent suits." Motion at 3. See id. at 2 (citing Sallie v. Spanish Basketball Fed'n, No. CIV 12-1095 REB/KMT, 2013 WL 5253028, at *2 (D. Colo. 2013); String Cheese Incident, LLC v. Stylus Shows, Inc., No. CIV 02-1934 LTB/PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). GoFit, LLC contends that limiting the scope of discovery to personal jurisdiction while the MTD is pending affords Fabara "the opportunity to

develop any necessary evidence" while simultaneously protecting GoFit, LLC from undue burden and expense. Motion at 3.

**2. The March 31, 2015, Hearing.**[2]

The Court held a hearing on March 31, 2015. See Transcript of Hearing (taken March 31, 2015)("Tr.").[3] At the hearing, Fabara argued that he did not expect the Court to grant the MTD and that, even if the Court grants it, Fabara could refile this case in Oklahoma, and could use the transcripts from Caswell's and Davis' depositions in that case. See Tr. at 11:14-12:1 (Segel). GoFit, LLC said that it was concerned that, if the Court allows Fabara to conduct full discovery and ultimately grants the MTD, it would have to undergo another round of discovery in the subsequent case, potentially with additional parties and new attorneys. See Tr. at 13:8-14:1 (Collins); id. at 19:15-22 (Segel). GoFit, LLC added:

> I think today when we learn that the deadline to join and amend[] parties i[s] April 30, the same date the hearing is set on our pending motion to dismiss, I think that shows the circumstances of the case can change either we could file to add a distributor or a manufacturer, the plaintiff can file to change, that would change the contours of the case and the contours of discovery in the same way that success on a motion to dismiss would refilling or transfer to Oklahoma would.

Tr. at 14:4-14 (Collins).

The Court asked Fabara if he would agree that the Court does not have general personal jurisdiction over GoFit, LLC. See Tr. at 16:21-17:1 (Court). Fabara replied that it was difficult to answer that question, because he does not remember where he purchased the Exercise Ball.

[2]Because the parties agreed to have the Court resolve the Motion during the March 31, 2015, hearing, Fabara did not file a response to the Motion and GoFit, LLC did not file a reply.

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final version may have slightly different page and/or line numbers.

See Tr. at 17:2-5 (Segel). The Court asked Fabara if it is possible that the parties would never know where Fabara purchased the Exercise Ball; Fabara said:

> I've asked my client about that on more than one occasion and so far we haven't come up with a definitive answer[.] [I]f in fact it turns out to be a tie and the tie goes to the defense on that issue, then I agree with Your Honor at that point it would become a general jurisdiction question rather than a specific jurisdiction question and in our brief in response to the [MTD], we will submit some evidence indicating that this defendant does have regular systematic ties and not random, fortuitous or attenuated ties with New Mexico. Its markets its products nationwide and worldwide and they are marketed widely in New Mexico by a variety of New Mexico retailers. So I think that there is little question that general jurisdiction would exist if it seems to be difficult or impossible for us to establish specific jurisdiction.

Tr. at 17:18-18:9 (Segel).

When asked by the Court, Fabara clarified that he was not planning on adding any parties to the case. See Tr. at 18:10-25 (Court, Segel). The Court asked Fabara if he would be willing to offer assurances that, if the Court grants the MTD, he would not ask to depose Caswell and Davis a second time simply because he filed a new case in Oklahoma, and "if [he] need[s] to depose them again, [he]'ll justify it just like [he] would in New Mexico if [he] wanted to depose them again." Tr. at 21:1-5 (Court). Fabara agreed to the Court's proposal. See Tr. at 21:8-10 (Segel). The Court explained that it had a number of cases, which set forth the relevant standards in those situations. See Tr. at 22:13-24 (Court). The Court said that, with Fabara's assurances, it would deny the Motion, because defendants in civil cases often face an uphill battle in obtaining a discovery stay just because there is a pending motion to dismiss, and the Court found no sound reason to order one at this point. See Tr. at 24:4-25:9 (Court).

## LAW REGARDING STAYING DISCOVERY

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding. See Clinton v. Jones, 520 U.S. 681, 706

(1997)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. at 254-55. Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court of the United States has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." Landis v. N. Am. Co., 299 U.S. at 255.

"The party seeking a stay generally faces a difficult burden." SWEPI, LP v. Mora Cnty, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *15 (D.N.M. Dec. 19, 2014)(Browning, J.)(citing Clinton v. Jones, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.")). "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484. "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484 (alterations omitted)(quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971)).

The United States Court of Appeals for the Tenth Circuit has acknowledged a district court's discretion in issuing discovery stays. In Cole v. Ruidoso Municipal Schools, 43 F.3d 1373 (10th Cir. 1994), the defendants argued "that they had an absolute right to a stay of discovery" after they filed a motion for qualified immunity and appealed to the Tenth Circuit

because the district court imposed conditions on the stay. 43 F.3d at 1386. The Tenth Circuit rebuffed the strict rules that the defendants suggested:

> As a general rule, discovery rulings are within the broad discretion of the trial court. The trial court's decision on discovery matters will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

Cole v. Ruidoso Mun. Sch., 43 F.3d at 1386 (citations omitted)(internal quotation marks omitted).

Whether to issue a discovery stay depends greatly on the facts and progress in each case. In S2 Automation, LLC v. Micron Technology, Inc., the Court granted in part and denied in part a motion to stay discovery, to extend pretrial deadlines, to vacate the trial setting, and to issue a protective order. See 2012 WL 3150412, at *1. The Court denied the motion to the extent it requested a discovery stay, because, "[u]ltimately, a stay is unnecessary." S2 Automation, LLC v. Micron Tech., Inc., 2012 WL 3150412, at *3. The parties had made "significant progress on the disputed matters," and the Court had "issued rulings on many of the motions that Micron Technology contended needed to be resolved before the case proceeded." S2 Automation, LLC v. Micron Tech., Inc., 2012 WL 3150412, at *3. Instead of granting the discovery stay, the Court extended deadlines that it had previously set in the case based on the case's increasing complexity. See S2 Automation, LLC v. Micron Tech., Inc., 2012 WL 3150412, at *3. In Walker v. THI of New Mexico at Hobbs Center, No. CIV 09-0060 JB/KBM, 2011 WL 2728326 (D.N.M. June 28, 2011)(Browning, J.), the Court evaluated whether to stay deposition discovery until thirty days after it ruled on the motions to dismiss two of the defendants, which would determine whether those defendants would remain in the suit and participate in discovery. See 2011 WL 2728326, at *1. The plaintiffs argued that the Court had already

extended discovery deadlines and that issuing a stay would require rescheduling deadlines. See Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728326, at *1. The Court denied the motion to stay, because it did "not see a benefit to staying discovery." Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728326, at *2. The Court noted that counsel for the two defendants who were subject to the motions to dismiss had already indicated that they would not participate in deposition discovery. See Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728326, at *2. "There is thus no benefit to staying deposition discovery, and staying deposition discovery would further delay the case." Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728326, at *2.

**LAW REGARDING RULE 12(b)(1)**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion. Fed. R. Civ. P. 12(b)(1). The Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981). But when the attack is aimed at the

> jurisdictional facts themselves, a district court may not presume the truthfulness of those allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion.

Hill v. Vanderbilt Capital Advisors, LLC, No. CIV 10-0133 JB/KBM, 2011 WL 6013025, at *8 (D.N.M. Sept. 30, 2011)(Browning, J.)(quoting Alto Eldorado Partners v. City of Santa Fe, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. Mar. 11, 2009)(Browning, J.)).

The United States Court of Appeals for the Fifth Circuit has stated,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends, and may do so by relying on affidavits or other evidence properly before the court. See New Mexicans for Bill Richardson Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion for summary judgment. See Holt v. United States, 46 F.3d at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). Where, however, the court determines that jurisdictional issues raised in a rule 12(b)(1) motion intertwined with the case's merits, the court should resolve the motion under either rule 12(b)(6) or rule 56. See Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999).

"When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003)(quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)).

## ANALYSIS

The Court will deny the Motion. A party seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others." Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484. "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d at 1484 (quoting Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971)). GoFit, LLC has made no such showing here. Even if the Court grants the MTD and Fabara has to refile this case in Oklahoma, he will likely have all that he needs from Caswell and Davis from the depositions that he has already taken from them in this case. If Fabara requests a second set of depositions from Caswell and Davis, he has given the Court his assurances that he will justify a second round of depositions in that case as if he were still before the Court trying to take that second set.

Defendants in civil cases face an uphill battle in putting the brakes on discovery. Particularly in cases like this one, where there are a relatively small number of factual issues, the plaintiff's discovery requests are not particularly burdensome, and the defendant has not shown how it will suffer prejudice from them, the Court is reluctant to enter a protective order or stay of discovery. GoFit, LLC has not shown how the discovery here is burdensome, is unnecessary in

this case, or will be unhelpful in a future case in Oklahoma. Accordingly, the Court will deny the Motion.

**IT IS ORDERED** that the Defendant's Motion for Protective Order and Partial Stay of Discovery Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed March 25, 2015 (Doc. 25), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Ronald Segel
Will Ferguson & Associates
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Joshua A. Collins
Christopher R. Reed
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendant*