IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO FABARA,

       Plaintiff,

vs.                                         No. CIV 14-1146 JB/KK

GOFIT, LLC,

       Defendant.

### AMENDED MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** comes before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction, filed March 17, 2015 (Doc. 21)("MTD"). The Court held a hearing on April 30, 2015. The primary issues are: (i) whether Defendant GoFit, LLC timely asserted the defense of lack of personal jurisdiction under rule 12(h) of the Federal Rules of Civil Procedure; and (ii) whether the Court has personal jurisdiction over GoFit, LLC under rule 12(b)(2) of the Federal Rules of Civil Procedure. GoFit, LLC timely asserted the defense of lack of personal jurisdiction, because it denied Plaintiff Francisco Fabara's allegation that the Court has personal

---

[1]The Memorandum Opinion and Order, filed May 28, 2015 (Doc. 48)("MOO"), contained the following passage:

> Even assuming that GoFit, LLC's products are selling like hotcakes across the state, it does not take an economist to conclude that GoFit, LLC's sales of personal exercise equipment to New Mexicans likely pale in comparison to Daimler's sales of Mercedes-Benz vehicles to Californians, see Daimler AG v. Bauman, 131 S. Ct. at 2857, or a helicopter manufacturer's four million dollars in total transactions with Texans, see Helicopteros, 466 U.S. at 411, 418 -- both of which the Supreme Court found insufficient to establish general personal jurisdiction.

MOO at 39-40. The pincite for Daimler AG v. Bauman in the fifth line of this passage should read "134 S. Ct. at 752" rather than "131 S. Ct. at 2857." This Amended Memorandum Opinion and Order corrects that error.

jurisdiction over GoFit, LLC and submitted the MTD less than three months after filing the Defendant's Answer to Plaintiff's Complaint for Damages for Injury, filed December 23, 2014 (Doc. 4)("Answer").  The Court does not have general personal jurisdiction over GoFit, LLC, because Fabara has not established that GoFit, LLC's contacts with New Mexico are so continuous and systematic that it is essentially at home here.  The Court does not have specific personal jurisdiction over GoFit, LLC, because Fabara has not shown that his claims arise out of GoFit, LLC's contacts with New Mexico.  Accordingly, the Court will grant the MTD and dismiss this case without prejudice.

**FACTUAL BACKGROUND**

The plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat a rule 12(b)(2) motion to dismiss.  See OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090 (10th Cir. 1998).  "A plaintiff may make this *prima facie* showing by demonstrating, by affidavit or other written materials, facts, that, if true, would support the exercise of personal jurisdiction over defendant."  Rainy Day Books, Inc. v. Rainy Day Books & Café, LLC, 186 F. Supp. 2d 1158, 1160 (D. Kan. 2002).  In considering whether plaintiff has made a *prima facie* showing of personal jurisdiction over defendant, the Court must take the complaint's allegations as true to the extent the defendant's affidavits do not controvert them.  See Tompkins v. Executive Comm. of S. Baptist Convention, No. CIV 13-0840 JB/CG, 2015 WL 1569034, at *4 (D.N.M. Mar. 31, 2015)(Browning, J.).  Moreover, "[w]hen conflicting affidavits are presented, factual disputes are resolved in plaintiff's favor . . . ."  Behagen v. Amateur Basketball Ass'n. of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984).  To decide the MTD, the Court takes its facts from: (i) the Complaint for Damages for Injury, filed December 19, 2014 (Doc. 1-1)("Complaint")[2];

---

[2]The Court will use the Complaint's internal pagination -- that is, the black numbers in

(ii) the Declaration of Charles Caswell (dated March 13, 2015), filed March 17, 2015 (Doc. 21-1)("Caswell Decl.")[3]; (iii) a press release entitled "Tulsa Company Unveils Multi-Million Dollar Corporate Headquarters" (dated Sept. 19, 2008), filed April 3, 2015 (Doc. 31-1)("Press Release")[4]; (iv) Affidavit of Francisco Fabara (dated March 26, 2015), filed April 6, 2015 (Doc. 32-1)("Fabara Aff."); (v) eight photographs that Fabara took at the Big 5 Sporting Goods store located at 2860 Cerrillos Rd., in Santa Fe, New Mexico on March 22, 2015, filed April 6, 2015 (Docs. 32-2 through 32-9)(collectively, "Big 5 Photographs"); (vi) two photographs that Fabara took at the REI store located at 500 Market St., Suite 100, in Santa Fe on March 22, 2015, filed April 6, 2015 (Docs. 32-10 & 32-11)(collectively, "REI Photographs"); and (vii) two photographs that Fabara took at the Target located at 3550 Zafarano Dr. in Santa Fe on March 22, 2015, filed April 6, 2015 (Docs. 32-12 & 32-13)(collectively, "Target Photographs").

This case is about an exercise ball that unexpectedly exploded. GoFit, LLC sells exercise balls worldwide and delivers its products into the stream of commerce with the expectation that New Mexico consumers will purchase and use them. See Complaint ¶ 3, at 1. GoFit, LLC is a corporation organized under Oklahoma law and has its principal place of business there. See Caswell Decl. ¶¶ 6-7, at 1. GoFit, LLC is not registered to do business in New Mexico, does not maintain bank accounts or file tax returns in New Mexico, and has no offices, employees, or agents in New Mexico. See Caswell Decl. ¶¶ 8-10, at 1-2. GoFit, LLC does not own any property in New Mexico, has no telephone listing in New Mexico, and does not send any

___

the center of the bottom of each page -- rather than CM/ECF's -- that is, the blue numbers in the upper-right-hand corner of each page.

[3]Because the Caswell Decl. has no internal pagination, the Court will use CM/ECF's pagination when citing that document.

[4]The Court will use CM/ECF's pagination when citing the Press Release.

employees to New Mexico to solicit business.  <u>See</u> Caswell Decl. ¶¶ 11-13, at 2.  GoFit, LLC's website and advertising does not target New Mexico citizens.  <u>See</u> Caswell Decl. ¶¶ 14-15, at 2.

GoFit, LLC distributes its products to over 5,000 leading retailers in the United States, including Target, Big 5 Sporting Goods, and REI.  <u>See</u> Press Release at 1.  There are at least nineteen different GoFit, LLC products on the shelves at Big 5 Sporting Goods, <u>see</u> Big 5 Photographs, eight different GoFit, LLC products on the shelves at REI, <u>see</u> REI Photographs, and what appears to be two sets of weightlifting gloves at Target, <u>see</u> Target Photographs -- all in Santa Fe.  Since 2006, GoFit, LLC has shipped 107 website orders to New Mexico for an average of less than twelve sales per year.  <u>See</u> Caswell Decl. ¶ 16, at 2.  GoFit, LLC's internet sales to New Mexico total $10,317.03 -- an average of about $1,146.34 per year.  <u>See</u> Caswell Decl. ¶ 16, at 2.  Since 2006, GoFit, LLC has had five commercial customers in New Mexico. <u>See</u> Caswell Decl. ¶ 17, at 2.  Two of these customers have been inactive since 2008, two have been inactive since 2010, and the other customer placed one order in 2014, but has not placed another order since then.  <u>See</u> Caswell Decl. ¶ 17, at 2.  Two hotels in New Mexico also purchase items from GoFit, LLC.  <u>See</u> Caswell Decl. ¶ 17, at 2.  GoFit, LLC's sales to these five commercial customers and two hotels have totaled $10,525.33 over the nine-year period from January, 2006 to the present.  <u>See</u> Caswell Decl. ¶ 17, at 2.

At some point before April 26, 2014, Fabara purchased, for his personal home use, a sixty-five centimeter Ultimate Core Stability Ball ("Exercise Ball") that GoFit, LLC manufactures.  Complaint ¶¶ 4-5, at 1-2.  GoFit, LLC has no record of selling the Exercise Ball to Fabara.  <u>See</u> Caswell Decl. ¶¶ 6-7, at 1.  On April 26, 2014, Fabara was using the Exercise Ball in the course of his exercise routine, and, suddenly and without warning, the Exercise Ball exploded and deflated, causing Fabara to tumble to the floor, and injuring his forearm, wrist,

shoulders, and back.  See Complaint ¶¶ 6-8, at 2.  Before the Exercise Ball exploded, Fabara was using it according to its labeling and instructions, and in the same manner in which Fabara had previously used it.  See Complaint ¶ 7, at 2.  Because of the explosion, Fabara suffered personal injuries, that: (i) have required, and may in the future continue to require, medical, surgical, and related treatment; (ii) have resulted, and in the future will continue to result, in physical and emotional pain and suffering; (iii) have resulted, and may in the future continue to result, in lost earnings; and (iv) have resulted in disfigurement.  See Complaint ¶ 9, at 2.

## PROCEDURAL BACKGROUND

On November 11, 2014, Fabara filed suit in the First Judicial District Court, County of Santa Fe, New Mexico.  See Complaint at 1.  About a month later, on December 19, 2014, GoFit, LLC removed the case to federal court, asserting diversity jurisdiction.  See Notice of Removal, filed December 19, 2014 (Doc. 1).  Fabara brings three causes of action against GoFit, LLC: (i) strict product liability, see Complaint ¶¶ 10-13, at 2 (Count I); (ii) breach of implied warranty, see Complaint ¶¶ 14-17, at 3 (Count II); and (iii) negligence, see Complaint ¶¶ 18-21, at 3 (Count III).  Fabara asks the Court for judgment against GoFit, LLC "for compensatory damages in a reasonable amount for the physical, emotion and financial harm suffered by plaintiff, for pre-judgment and post-judgment interest, and for taxable costs."  Complaint at 4.

### 1.    **The MTD and the Motion for Protective Order.**

GoFit, LLC filed the MTD on March 17, 2015.  In the MTD, GoFit, LLC asks the Court to dismiss the case, because it lacks specific and general personal jurisdiction over GoFit, LLC, and because exercising personal jurisdiction over GoFit, LLC would offend traditional notions of fair play and substantial justice.  See MTD at 1.  First, GoFit, LLC says that the Court lacks specific personal jurisdiction over it, because GoFit, LLC's forum-specific activities do not give

rise to Fabara's claims.  See MTD at 4.  GoFit, LLC explains that, to establish specific personal jurisdiction, Fabara must show that: (i) GoFit, LLC purposefully directed its activities towards New Mexico; and (ii) his claims arise out of GoFit, LLC's contacts with New Mexico.  See MTD at 4 (citing Kuenzle v. HTM Sport-Und Frizeitgerate, 102 F.3d 453, 456 (10th Cir. 1996)("Kuenzle")).  GoFit, LLC asserts that the requirement that the plaintiff's claims arise out of the defendant's forum-related activities is "'not satisfied when the plaintiff would have suffered the same injury even if none of the defendant's forum contacts had taken place.'"  MTD at 4 (quoting Kuenzle, 102 F.3d at 456-57).

GoFit, LLC contends that Kuenzle involved a plaintiff, Beverly Kuenzle, who bought ski bindings in Switzerland, brought the bindings to Wyoming for a ski trip, and suffered injuries while on the slopes in Wyoming.  See MTD at 4.  According to GoFit, LLC, Kuenzle brought suit in Wyoming against the bindings' manufacturer, an Austrian company.  See MTD at 4. GoFit, LLC says that the United States Court of Appeals for the Tenth Circuit, in an opinion that the Honorable Stephanie K. Seymour, United States Circuit Judge for the Tenth Circuit, authored, and Judges Holloway and Briscoe joined, held that the district court did not have specific personal jurisdiction over the manufacturer, because the manufacturer's contacts with Wyoming did not give rise to the plaintiff's claims.  See MTD at 4.  According to GoFit, LLC, Judge Seymour said: "Kuenzle's accident would have occurred in Wyoming even if [the manufacturer] had made none of the contacts on which [she] relies to create jurisdiction."  MTD at 5 (quoting Kuenzle, 192 F.3d at 456-57)(internal quotation marks omitted)(citing Helicopter Textron, Inc. v. HeliQwest Int'l, Ltd., 385 F.3d 1291, 1296 (10th Cir. 2004)("Generally speaking, specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else.")).

GoFit, LLC says that, like the incident in <u>Kuenzle</u>, the alleged Exercise Ball explosion would have occurred in Santa Fe regardless whether GoFit, LLC had any contacts with New Mexico.  <u>See</u> MTD at 5.  GoFit, LLC contends that Fabara bought the Exercise Ball out of state and brought it in state when he moved to Santa Fe, where he allegedly suffered injuries during an exercise routine.  <u>See</u> MTD at 5.  GoFit, LLC asserts that, because GoFit, LLC's New Mexico contacts did not give rise to Fabara's claims, the Court does not have specific personal jurisdiction over it.  <u>See</u> MTD at 5.

Second, GoFit, LLC argues that the Court does not have general personal jurisdiction over it, because it lacks continuous and systematic contacts with New Mexico.  <u>See</u> MTD at 5. GoFit, LLC says that the Tenth Circuit uses the following factors to determine whether a defendant has sufficient continuous and systematic contacts with a forum:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

MTD at 6 (quoting <u>Trierweiler v. Croxton</u>, 90 F.3d 1523, 1533 (10th Cir. 1996))(internal quotation marks omitted).  GoFit, LLC contends that, to satisfy general personal jurisdiction, the defendant must have commercial contacts "'that approximate physical presence in the state'"; engaging in commerce with residents of the forum state is insufficient.  MTD at 6 (quoting <u>Shrader v. Biddinger</u>, 633 F.3d 1235, 1243 (10th Cir. 2011)).

GoFit, LLC points out that using a website to sell products to the forum state's residents does not trigger general personal jurisdiction unless the defendant has sold a substantial number of products to that state's consumers.  <u>See</u> MTD at 6 (citing <u>Campbell Pet Co. v. Miale</u>, 542 F.3d 879, 884 (Fed. Cir. 2008)(holding that twelve internet sales to the forum state for a total of

$14,000.00 was insufficient to establish general personal jurisdiction); Gator.com Corp. v. L.L.

Bean, Inc., 341 F.3d 1072, 1080 (9th Cir. 2003)(finding general personal jurisdiction based in

part on "millions of dollars in sales, driven by an extensive, ongoing, and sophisticated sales

effort involving large numbers of direct email solicitations and millions of catalog sales"); Bird

v. Parsons, 289 F.3d 865, 873-74 (6th Cir. 2002)(concluding that 4,666 internet domain-name

registrations from the forum state was insufficient to establish general personal jurisdiction)).

GoFit, LLC says that the Court does not have general personal jurisdiction over it, because: (i) it

is not registered to conduct business in New Mexico; (ii) it does not have any offices, employees,

or property in New Mexico; (iii) it has no telephone listings or bank accounts in New Mexico;

(iv) its advertisements do not specifically target New Mexico citizens; and (v) its internet sales to

New Mexico are insubstantial: $20,842.36 in total sales over nine years.  See MTD at 7.

Third, GoFit, LLC says that exercising personal jurisdiction over it would offend

traditional notions of fair play and substantial justice.  See MTD at 7.  GoFit, LLC explains that,

because personal jurisdiction cannot lie when the defendant lacks minimum contacts with the

forum state, the Court does not need to reach this issue.  See MTD at 7.  GoFit, LLC argues,

however, that, even if it has minimum contacts with New Mexico, Fabara fails to show that

exercising personal jurisdiction over GoFit, LLC would comport with traditional notions of fair

play and substantial justice.  See MTD at 7.

GoFit, LLC says that, to determine whether exercising personal jurisdiction over a

particular defendant offends traditional notions of fair play and substantial justice, courts weigh

the following five factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the
> dispute, (3) the plaintiff's interest in receiving convenient and effective relief,
> (4) the interstate judicial system's interest in obtaining the most efficient
> resolution of controversies, and (5) the shared interest of the several states in

furthering fundamental substantive social policies.

MTD at 7-8 (quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095 (10th Cir. 1998))(internal quotation marks omitted).  GoFit, LLC says that it would be more burdensome to litigate this case in New Mexico than in Oklahoma.  See MTD at 8.  GoFit, LLC adds that New Mexico is not the most efficient place to try the case,

> given that any foreign manufacturer who supplied GoFit may not be subject to jurisdiction in New Mexico; and thus, assuming arguendo that jurisdiction were found over GoFit in New Mexico but not over the foreign manufacturer, GoFit could be compelled to litigate this dispute in both New Mexico and in Oklahoma (where the manufacturer may be more readily subject to suit) to realize complete relief, resulting in piecemeal litigation.

MTD at 8.

Eight days after filing the MTD, GoFit, LLC filed the Defendant's Motion for Protective Order and Partial Stay of Discovery Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed March 25, 2015 (Doc. 25)("Motion for Protective Order"). In the Motion for Protective Order, GoFit, LLC asked the Court to stay all discovery until after ruling on the MTD.  See Motion for Protective Order at 1.

   **2.     The Response.**

Fabara responded to the MTD on April 3, 2015.  See Plaintiff's Brief in Opposition to Motion to Dismiss, filed April 3, 2015 (Doc. 31)("Response").  In the Response, Fabara asks the Court to deny the MTD for three reasons.  First, Fabara says that GoFit, LLC failed to timely assert the defense of lack of personal jurisdiction.  See Response at 1.  Fabara argues that GoFit, LLC waived the defense when it failed to assert the defense in a pre-answer motion or in the Answer.  Response at 1.  According to Fabara, rule 12(b) provides that "'every defense to a claim for relief in any pleading **must** be asserted in the responsive pleading if one is required.'" Response at 2 (quoting Fed. R. Civ. P. 12(b))(brackets omitted)(emphasis in Response but not

rule 12(b)).  Fabara maintains that rule 12(b) specifies that any motions asserting rule 12(b) defenses "'**must** be made before pleading if a responsive pleading is allowed.'"  Response at 2 (quoting Fed. R. Civ. P. 12(b))(emphasis in Response but not rule 12(b)).  Fabara also asserts that, under rule 12(h), a party waives a rule 12(b) defense if it fails to raise the defense in a pre-answer motion or in the answer.  See Response at 2.  Fabara says that courts have held that a defendant can waive the defense of lack of personal jurisdiction.  See Response at 3 (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); Rice v. Nova Biomedical Corp., 38 F.3d 909, 914 (7th Cir. 1994)("[T]he defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so."); Pope v. Elabo GmbH, 588 F. Supp. 2d 1008, 1012-13 (D. Minn. 2008)(pointing out rule 12(b)'s requirement that a defendant must make a motion asserting a lack-of-personal-jurisdiction defense before filing a responsive pleading)).

Second, Fabara contends that GoFit, LLC failed to establish "the central factual allegation on which its defense of lack of personal jurisdiction is based."  Response at 3.  According to Fabara, although GoFit, LLC asserts that Fabara purchased the Exercise Ball outside of New Mexico, it cites no evidence to support this contention.  See Response at 3.  Fabara says that, consequently, the Court has no basis to determine that it lacks personal jurisdiction over GoFit, LLC.  See Response at 3.

Third, Fabara insists that GoFit, LLC waived the defense of lack of personal jurisdiction by admitting "the essential jurisdictional facts."  Response at 4.  Fabara explains that the forum state's laws govern whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action.  See Response at 4.  Fabara points to Sproul v. Rob & Charlies,

Inc., 2013-NMCA-072, 304 P.3d 723 (Ct. App. 2013), in which the Court of Appeals of New Mexico reversed the trial court's holding that it lacked specific jurisdiction over a Chinese and Taiwanese manufacturer.  See Response at 4.  Fabara says that the manufacturer's components ended up in a bicycle on which a cyclist crashed in Santa Fe.  See Response at 4.  According to Fabara, the Court of Appeals of New Mexico said that a court has personal jurisdiction over a nonresident seller that "'delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.'"  Response at 5 (quoting Sproul v. Rob & Charlies, Inc., 2013-NMCA-072, ¶ 20).

Fabara also highlights New Mexico v. Grand River Enterprises Six Nations, Ltd., 2014-NMCA-073, 329 P.3d 723 (Ct. App. 2014).  See Response at 5.  Fabara explains that, in that case, the Court of Appeals of New Mexico said that a plaintiff need not show that the defendant "'specifically directed its activities at the forum state or had actual knowledge that its product would ultimately be sold'" there to establish personal jurisdiction.  Response at 5 (quoting New Mexico v. Grand River Enter. Six Nations, Ltd., 2014-NMCA-073, ¶ 9).  Fabara asserts that the Court of Appeals of New Mexico also reiterated that a defendant's delivery of its products into the stream of commerce with the expectation that the forum state's consumers would purchase them triggers personal jurisdiction.  See  Response at 5 (quoting New Mexico v. Grand River Enter. Six Nations, Ltd., 2014-NMCA-073, ¶ 9).  Fabara asserts that, in the Answer, GoFit, LLC conceded that it "'sells its fitness and exercise products nationwide and worldwide, and delivers its products into the stream of commerce with the expectation that they will be purchased and used by consumers in New Mexico.'"  Response at 5 (quoting Complaint ¶ 3, at 1)(citing Answer ¶ 3, at 1).  Fabara charges that this admission, "in and of itself," is sufficient for the Court to exercise personal jurisdiction over GoFit, LLC.  Response at 5.  Fabara says that the

Court can also take judicial notice that numerous retailers in New Mexico sell a broad range of GoFit, LLC's products -- for example, Big 5 Sporting Goods, REI, and Target -- to establish personal jurisdiction.  See Response at 7-8 (citations omitted).

Fabara states that, to defeat a plaintiff's prima facie showing of jurisdiction, "a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable."  Response at 9 (quoting OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d at 1091)(internal quotation marks omitted).  Fabara insists that it has made the required prima facie showing and that GoFit, LLC cannot show that other considerations would render the exercise of personal jurisdiction unreasonable.  See Response at 9.

###        3.        **The Reply**.

GoFit, LLC replied to the Response on April 20, 2015.  See Defendant's Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction, filed April 20, 2015 (Doc. 39)("Reply").  GoFit, LLC begins the Reply by arguing that it did not waive the defense of lack of personal jurisdiction.  See Reply at 1.  GoFit, LLC says that, to the contrary, it asserted the defense in its Answer and in the Joint Status Report and Discovery Plan, and timely filed the MTD.  See Reply at 1-2 (citing Answer ¶ 3, at 1 (denying Fabara's allegation that "Defendant is therefore subject to the jurisdiction of this Court pursuant to N.M.S.A. 1978, § 38-1-16"); Joint Status Report and Provisional Discovery Plan at 2, filed February 2, 2015 (Doc. 16)("JSR")("Defendant contends that this Court lacks personal jurisdiction over GoFit . . . ."); MTD passim).  GoFit, LLC contends that it allowed its employees to sit for their depositions and served initial discovery on Fabara only after the Court ruled on the Motion for Protective Order. See Reply at 2.  GoFit, LLC argues that, on such facts, federal courts have uniformly found that

the defendant preserved the defense of lack of personal jurisdiction.  See Reply at 2 (citing

Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990)(finding that, although defendant complied

with rule 12(h) by denying the plaintiff's jurisdictional allegation, he ultimately waived his lack

of jurisdiction defense by participating in discovery, filing motions, participating in trial, and

filing post-trial motions without raising the defense); HTC Sweden AB v. Innovatech Prods. &

Equip. Co., No. CIV 07-0232 TAV, 2010 WL 2163122, at *3-8 (E.D. Tenn. May 27,

2010)(finding waiver where defendant asserted third-party claims and failed to otherwise give

the court or the parties notice of its lack of jurisdiction defense before filing the motion to

dismiss two years after the case began); McDermott v. FedEx Ground Sys., Inc., 520 F. Supp. 2d

254, 257 (D. Mass. 2007)("[D]enial of the Complaint's allegations of jurisdiction is sufficient, at

the outset, to preserve the defense of lack of personal jurisdiction."); Boss Prods. Corp. v. Tapco

Intern. Corp., No. CIV 00-0689 E(M), 2001 WL 135819, at *1 (W.D.N.Y. Feb. 26,

2001)(holding that defendant's denial of jurisdictional allegation in its answer put plaintiff on

notice and explaining that finding defendant waived its lack-of-personal-jurisdiction defense

would "elevate form over substance"); Phat Fashions, LLC v. Phat Game Athletic Apparel, No.

CIV 00-0201 JSM, 2001 WL 1041990, at *3-4 (S.D.N.Y. Sept. 7, 2001)(finding no waiver of

lack-of-personal-jurisdiction defense where the defendant denied the jurisdictional allegation,

despite defendant's delay of ten months in filing motion to dismiss)).

GoFit, LLC says that it did not waive its lack-of-personal-jurisdiction defense when it

admitted Fabara's allegation that it "'sells its fitness and exercise products nationwide and

worldwide, and delivers its products into the stream of commerce with the expectation that they

will be purchased and used by consumers in New Mexico.'"  Reply at 3 (quoting Complaint ¶ 3,

at 1).  GoFit, LLC argues that this admission relates only to the first prong of the specific

personal jurisdiction test.  See Reply at 3.  GoFit, LLC contends that, to show specific personal jurisdiction, Fabara must establish that: (i) GoFit, LLC purposefully directed its conduct at New Mexico; and (ii) his claims arise out of that conduct.  See Reply at 3 (citing Sproul v. Rob & Charlies, Inc., 2013-NMCA-072, ¶ 14).   According to GoFit, LLC, its admission does not implicate the second prong, and it has never admitted that Fabara's claims arise out of GoFit, LLC's forum-specific activities.  See Reply at 3.

GoFit, LLC argues that, contrary to Fabara's assertion that the MTD must fail because GoFit, LLC cannot establish that he bought the Exercise Ball out of state, it is Fabara's burden to show that he bought the Exercise Ball in state.  See Reply at 3 (citing Kuenzle, 102 F.3d at 457 ("The plaintiff bears the burden of establishing personal jurisdiction over the defendant." (citation omitted)(internal quotation marks omitted))).   GoFit, LLC argues that Fabara's exclusive focus on the first prong for specific personal jurisdiction is misplaced, because he failed to establish the second prong of specific personal jurisdiction or to prove that general personal jurisdiction applies.  See Reply at 4.

GoFit, LLC contends that Fabara has not shown that the Court has general personal jurisdiction over GoFit, LLC.  See Reply at 4.  GoFit, LLC acknowledges that multiple New Mexico retailers carry its products, but argues that "the mere purchase of goods by New Mexicans alone does not warrant personal jurisdiction."   Reply at 4 (citing Sproul v. Rob & Charlies, Inc., 2013-NMCA-072, ¶ 14 ("[M]ere purchases of goods by customers in New Mexico, even if occurring at regular intervals, are not enough to warrant a state's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." (emphasis in Sproul v. Rob & Charlies, Inc.)(citation omitted)(internal quotation marks omitted)).  GoFit, LLC urges that Fabara also has not offered any evidence to

suggest that any of the New Mexico retailers that carry GoFit, LLC's products are GoFit, LLC's agents.  See Reply at 5 (citing Kuenzle, 102 F.3d at 459 (finding that a separate corporation's actions will not be attributed to the defendant corporation absent evidence of an agency relationship)).  GoFit, LLC concludes the Reply by noting that Fabara failed to address its argument that exercising personal jurisdiction over it would offend traditional notions of fair play and substantial justice.  See Reply at 5.

### 4.    The April 30, 2015, Hearing.

The Court held a hearing on the MTD on April 30, 2015.  See Transcript of Hearing (taken Apr. 30, 2015)("Tr.").[5]  GoFit, LLC took the floor first and stuck to its briefing, reiterating that: (i) Fabara has not shown that his claims arise out of GoFit, LLC's New Mexico contacts; (ii) Fabara has not shown that GoFit, LLC has sufficient contacts with New Mexico for the Court to exercise general personal jurisdiction over it; and (iii) exercising personal jurisdiction over GoFit, LLC would offend traditional notions of fair play and substantial justice.  See Tr. at 1:25-11:8 (Court, Reed).  When Fabara rose to give his response, he conceded that he was asserting only general jurisdiction, because he did not remember whether he bought the Exercise Ball in New Mexico and had no evidence to suggest that he did.  See Tr. at 11:22-13:8 (Court, Segel).  Fabara argues that three of the Court's personal jurisdiction opinions -- Whiting v. Hogan, 855 F. Supp. 2d 1266 (D.N.M. 2012)(Browning, J.), Tompkins v. Executive Comm. of S. Baptist Convention, and Emberton v. Rutt, No. CIV 07-1200 JB/RLP, 2008 WL 4093714 (D.N.M. Mar. 31, 2008)(Browning, J.) -- set forth a spectrum for a nonresident defendant's contacts with a forum state.  See Tr. at 14:16-16:5 (Segel).  Fabara explained that "random, fortuitous, and

_____

[5]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final version may have slightly different page and/or line numbers.

attenuated contacts" lie at one end of the spectrum and "systemic and continuous contacts" lie at the other.  Tr. at 16:1-5 (Segel).  Fabara said that, because GoFit, LLC's contacts with New Mexico are closer to "systemic and continuous," than to "random, fortuitous, and attenuated," the Court can exercise general personal jurisdiction over it.  Tr. at 16:6-8 (Segel).

Fabara repeated that the Court has general personal jurisdiction over GoFit, LLC, because GoFit, LLC admitted in the Answer that it "delivered [its] products into the stream of commerce with the expectation that they would be purchased and used by consumers in New Mexico."  Tr. at 16:12-14 (Segel).  Fabara reiterated that retail stores "all over the state" sell GoFit, LLC's products and pointed to a press release in which GoFit, LLC states that it distributes over 120 fitness products in over five thousand retail stores worldwide.  Tr. at 17:2-18 (Segel)(citing Press Release).  Fabara argued that, consequently, it is not a coincidence that GoFit, LLC's products are widely available in New Mexico and it is unrealistic for GoFit, LLC to say that they could not reasonably anticipate being haled into court here.  See Tr. at 17:17-23 (Segel).

Fabara then directed the Court's attention to Sproul v. Rob & Charlies, Inc., and said that, in retrospect, he probably should not have cited it in the Response, because it is primarily about specific personal jurisdiction.  See Tr. at 18:22-19:1 (Segel).  Fabara said, however, that it is also instructive on general personal jurisdiction.  See Tr. at 19:1-3 (Segel).  Fabara argued that, in that case, the Court of Appeals of New Mexico distinguished between manufacturers and primary distributers for personal-jurisdiction purposes.  See Tr. at 21:1-7 (Segel).  According to Fabara, unlike the manufacturer in Sproul v. Rob & Charlies, Inc., which did not have continuous and systematic contacts with New Mexico, GoFit, LLC is a primary distributer of exercise balls and thus has more pervasive contacts with New Mexico that justify exercising general personal jurisdiction over it.  See Tr. 21:9-14 (Segel).

- 16 -

Next, Fabara addressed the Tenth Circuit's five-factor test for determining whether exercising personal jurisdiction over a nonresident defendant would offend traditional notions of fair play and substantial justice.  See Tr. at 21:19-21 (Segel)(citing Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153 (10th Cir. 2010)).  Fabara suggested that the first factor -- the burden on the defendant of litigating in the forum state -- weighed in his favor.  See Tr. at 22:12-23:19 (Segel).  He urged that GoFit, LLC's argument -- that litigating this case in New Mexico would be more burdensome than in Oklahoma -- is similar to the manufacturer's argument in Sproul v. Rob & Charlies, Inc., which the Tenth Circuit rejected, because the manufacturer failed to provide any evidence to support it.  See Tr. at 22:12-22 (Segel).  Fabara also noted that, in Employers Mutual Casualty Company v. Bartile Roofs, Inc., the Tenth Circuit said that, because the defendant lived right next door in Utah, forcing it to litigate the case in Wyoming would not impose a significant burden on it.  See Tr. at 22:23-23:19 (Segel).

Turning to the second factor -- the forum state's interest in adjudicating the dispute -- Fabara said that states have an important interest "in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."  Tr. at 23:22-24 (Segel)(quoting Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d at 1162)(internal quotation marks omitted).  Fabara argued that, because he is a New Mexico resident, New Mexico has an interest in providing a forum for this dispute and the third factor therefore weighs in his favor.  See Tr. at 23:25-24:3 (Segel).

Fabara asserted that the third factor -- the plaintiff's interest in convenient and effective relief -- is neutral or tips slightly in his favor.  See Tr. at 24:4-20 (Segel).  According to Fabara, the third factor "hinges on whether the plaintiff may receive convenient and effective relief in another forum."  Tr. at 24:8-10 (Segel)(quoting Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc., 618

F.3d at 1163)(internal quotation marks omitted).  Fabara argued that, although he could likely receive effective relief in Oklahoma, it would not be convenient for him to litigate the case there. See Tr. at 24:4-13 (Segel).  Fabara contended, however, that, because he is "just a wage earner living in Santa Fe" whereas GoFit, LLC sells its products in five-thousand stores around the country, it would be more convenient for GoFit, LLC to litigate the case in New Mexico than for him to litigate it in Oklahoma.  Tr. at 24:13-21 (Segel).

Fabara said that the fourth factor -- whether the forum state is the most efficient place to litigate the dispute -- weighs in his favor as well.  See Tr. at 24:22-25 (Segel).  Fabara argued that, because he was injured and treated for his injuries in New Mexico, his likely witnesses are located here.  See Tr. at 25:1-4 (Segel).  Fabara added that GoFit, LLC would have a "great deal of difficulty getting jurisdiction in Oklahoma" over Source One -- a California company, with which GoFit, LLC contracts that, in turn, contracts with a manufacturer in Asia that makes the exercises balls for GoFit, LLC.  Tr. at 25:10-26:11 (Segel).  Fabara then argued that the fifth and final factor -- "whether exercise[ing] . . . personal jurisdiction affects the substantive social policy interests of other states" -- is neutral or tips in his favor, because GoFit, LLC has not identified how litigating this case in Oklahoma would advance any of Oklahoma's substantive social policies.  Tr. at 30:1-11 (Segel)(quoting Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d at 1164)(internal quotation marks omitted).  Fabara asserted that, accordingly, under the Tenth Circuit's five-factor test, it would not offend traditional notions of fair play and substantial justice to force GoFit, LLC to litigate this case in New Mexico.  See Tr. at 30:12-15 (Segel).

The Court asked Fabara what he thought about GoFit, LLC's argument that it denied personal jurisdiction in the Answer.  See Tr. at 30:25-31:4 (Court)(citing Answer ¶ 3, at 1). Fabara said that, while GoFit, LLC denied that specific allegation, it did not assert lack of

personal jurisdiction in its affirmative defenses and therefore waived it as a defense.  See Tr. at 31:16-23 (Segel).

In response, GoFit, LLC argued that Fabara improperly relies on a stream-of-commerce theory to assert general personal jurisdiction.  See Tr. at 35:15-25 (Reed).  GoFit, LLC argued that the stream-of-commerce theory establishes only specific personal jurisdiction; it asserted that the Court cannot exercise general personal jurisdiction over GoFit, LLC unless it has direct contacts with New Mexico that "equate with [having] a physical presence" in the state.  Tr. at 35:25-36:3 (Reed); id. at 42:1-10 (Reed).  The Court asked GoFit, LLC if its argument would mean that a consumer could not sue a nationwide manufacturer in a state with which the manufacturer has no direct contacts, despite that Wal-Mart distributes its products there.  See Tr. at 36:16-25 (Court).  GoFit, LLC responded that, in most situations like the Wal-Mart example, the forum state could exercise specific personal jurisdiction over the nonresident defendant, because the plaintiff purchased the product in the forum state.  See Tr. at 37:1-5 (Reed).  GoFit, LLC said that it was not aware of a case in which a court has held that selling products to national retailers satisfies the more stringent general personal jurisdiction standard.  See Tr. at 37:5-8 (Reed).

The Court and the parties then discussed the likelihood that either Fabara or GoFit, LLC would join Source One as a defendant.  See Tr. at 26:23-29:25 (Court, Reed, Segel).  Fabara said that he did not intend to join Source One; GoFit, LLC said that it planned to join Source One as a defendant and might also join its manufacturer, but that it was still figuring out when and how to do so.  See Tr. at 26:12-28:16 (Court, Reed, Segel).  The Court asked GoFit, LLC why it wants to join Source One as a defendant, and GoFit, LLC said that there is an open question whether it can seek damages from Source One in a separate products liability action if it does not join

Source One as a defendant in this case.  See Tr. at 38:9-39:12 (Court, Reed).  At the end of the hearing, the Court said that it was inclined to deny the MTD, but would have to give the matter some thought and would try to issue an opinion by the end of May.  See Tr. at 42:11-21 (Court).

## LAW REGARDING RULE 12(h)

Rule 12(h) provides that "objections to personal jurisdiction . . . must be raised in a party's first responsive pleading or by motion before the responsive pleading."  United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306, 1314 (10th Cir. 1994).  Even if a defendant asserts the defense of lack of personal jurisdiction in its answer, however, he or she may implicitly waive the defense in two ways.  First, a defendant may implicitly waive his or her lack-of-personal-jurisdiction defense by actively participating in the case -- through, for example, filing counterclaims and third-party claims, participating in discovery and hearings, or filing dispositive motions on the merits of the plaintiff's claims.  See, e.g., Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61-62 (2d Cir. 1999)(holding that defendant waived personal jurisdiction defense by engaging in discovery and settlement conferences for a four-year period after initially raising the defense in its answer); Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443-44 (3d Cir. 1999)(concluding that defendants waived their personal jurisdiction defense by filing motions for summary judgment on their counterclaim before seeking relief on the personal jurisdiction defense asserted in their answer).  Second, a defendant may implicitly waive the defense by waiting a significant period after filing the answer to submit a rule 12(b)(2) motion.  Courts have found a waiver where defendants waited nine months, see Schwartz v. M/V Gulf Supplier, 116 F. Supp. 2d 831, 835 (S.D. Tex. 2000), two-and-a-half years, see Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993), and three years, see Hunger U.S. Special Hydraulics v. Hardie-Tynes Manf'g Co., 203 F.3d 835, 2000 WL 147392, at *2 (10th

Cir. 2000)(unpublished),[6] to file a rule 12(b)(2) motion after first asserting the defense in their answers. By contrast, courts have held that waiting two to seven months after filing the answer to submit a rule 12(b)(2) motion is insufficient to constitute waiver. See, e.g., Brokerwood Products Int'l (U.S.), Inc. v. Cuisine Crotone, Inc., 104 F. App'x 376, 2004 WL 1541314, at *3 (5th Cir. 2004)(unpublished)(finding that the district court erred in holding that defendant waived challenge to personal jurisdiction where seven months passed between defendant's answer raising defense and its rule 12(b)(2) motion to dismiss); Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1011, 1015 (D. Kan. 2006)(finding no waiver where defendant filed rule 12(b)(2) motion less than two months after being joined as a party).

## LAW REGARDING PERSONAL JURISDICTION

The plaintiff has the burden of proving personal jurisdiction. The Court's jurisdiction may rest on specific or general personal jurisdiction. Due process, however, limits any state statutory basis of personal jurisdiction.

### 1.    Burden of Proof.

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

When jurisdiction is "decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing" of facts that would

---

[6]Hunger U.S. Special Hydraulics v. Hardie-Tynes Manufacturing Co. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Hunger U.S. Special Hydraulics v. Hardie-Tynes Manf'g Co. and Silver v. Brown, 382 F. App'x 723 (10th Cir. 2010), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> support the assertion of jurisdiction.  [Wenz v. Memery Crystal, 55 F.3d at 1505].
> "The allegations in the complaint must be taken as true to the extent they are
> uncontroverted by the defendant's affidavit."   Behagen v. Amateur Basketball
> Ass'n, 744 F.2d at 733.  When, however, a defendant presents credible evidence
> through affidavits or other materials suggesting the lack of personal jurisdiction,
> the plaintiff must come forward with sufficient evidence to create a genuine
> dispute of material fact on the issue.  See Doe v. Nat'l Med. Servs., 974 F.2d 143,
> 145 (10th Cir. 1992).  Only if the plaintiff meets the obligation of contesting the
> credible evidence that the defendant presents does the court resolve the factual
> disputes in favor of the plaintiff.  See Wenz v. Memery Crystal, 55 F.3d at 1505;
> Behagen v. Amateur Basketball Ass'n, 744 F.2d at 733.

Clark v. Meijer, Inc., 376 F. Supp. 2d 1077, 1082 (D.N.M. 2004)(Browning, J.).   When,

however, "personal jurisdiction is assessed in an evidentiary hearing . . . , the plaintiff generally

must establish, by a preponderance of the evidence, that personal jurisdiction exists."  Dudnikov

v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 n.4 (10th Cir. 2008).   "The party

seeking to establish personal jurisdiction over a foreign litigant must make two showings: first,

that the exercise of jurisdiction is sanctioned by the state's long-arm statute; and second, that it

comports with the due process requirements of the Fourteenth Amendment."  Marcus Food Co.

v. DiPanfilo, No. CIV 10-3285, 2011 WL 5084997, at *3 (10th Cir. Oct. 27, 2011).   New

Mexico's long-arm "statute extends the jurisdictional reach of New Mexico courts as far as

constitutionally permissible."  Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 6, 48

P.3d 50, 54 (2002).  Consequently, the Court "need not conduct a statutory analysis apart from

the due process analysis."  Marcus Food Co. v. DiPanfilo, 2011 WL 5084997, at *3 (internal

quotation marks omitted).

### 2.   General and Specific Jurisdiction.

Depending on the character and extent of a defendant's contacts, a court may exercise

specific or general personal jurisdiction.  See Helicopteros Nacionales de Columbia, S.A. v. Hall,

466 U.S. 408, 414 (1984)("Helicopteros").

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1078.  Thus, "[s]uch contacts may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities."  Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011).

A court may assert specific jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)(citations omitted)(internal quotation marks omitted).  In the tort context, a defendant has "purposefully directed" his activities at New Mexico or its residents when he or she has: (i) taken intentional action; (ii) the action was "expressly aimed" at New Mexico; and (iii) the action was taken with the knowledge that "the brunt of th[e] injury" would be felt in New Mexico. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1072 (quoting Calder v. Jones, 465 U.S. 783, 789-90 (1984)).

These general principles of personal jurisdiction are modified in cases involving the internet.  In these cases, the Tenth Circuit focuses whether the website or internet user "intentionally direct[ed] his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there."  Shrader v. Biddinger, 633 F.3d 1235, 1240 (10th Cir. 2011)(emphasis in original).  Simply posting defamatory statements on a website will not, standing alone, establish personal jurisdiction over the poster in any state where the post may be read.  See Shrader v. Biddinger, 633 F.3d at 1241.  Instead, courts consider whether the

- 23 -

"defendant deliberately directed its message at an audience in the forum state and intended harm

to the plaintiff occurring primarily or particularly in the forum state." <u>Shrader v. Biddinger</u>, 633

F.3d at 1241.  In short, "<u>the forum state itself must be the focal point of the tort</u>." <u>Shrader v.</u>

<u>Biddinger</u>, 633 F.3d at 1244 (emphasis in original)(quoting <u>Dudnikov v. Chalk & Vermilion Fine</u>

<u>Arts, Inc.</u>, 514 F.3d at 1074 n.9)(internal quotation marks omitted).

###    3.    Due Process and Personal Jurisdiction.

> The due process analysis is also two-fold:  First, [the defendant] must have "minimum contacts" with the forum state, demonstrating that he "purposefully availed" himself of the protections or benefits of the state's laws and "should reasonably anticipate being haled into court there." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473-76 . . . (1985); <u>see also</u> <u>Emp'rs Mut. Cas. Co.</u>, 618 F.3d at 1159-60 (reiterating the <u>Burger King</u> standard).  Although agreements alone are likely to be insufficient to establish minimum contacts, "'parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities.'" <u>TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.</u>, 488 F.3d 1282, 1287-88 (10th Cir. 2007)(quoting <u>Burger King</u>, 471 U.S. at 473, 478).

<u>Marcus Food Co. v. DiPanfilo</u>, 2011 WL 5084997, at *4.

> A defendant may reasonably anticipate being subject to suit in the forum state "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 . . . (1985)(internal citation omitted); <u>see also</u> <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 . . . (1958)("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.").

<u>TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.</u>, 488 F.3d at 1287-88.  The Supreme Court of

the United States has held that the mere foreseeability of harm occurring in a particular forum

will not support a finding of minimum contacts.  <u>See</u> <u>World-Wide Volkswagen Corp. v.</u>

<u>Woodson</u>, 444 U.S. 286, 295 (1980)(holding that, although "an automobile is mobile by its very

design and purpose," thus indicating that it is foreseeable that a particular automobile may cause

injury in a forum state, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause"). In Roberts v. Piper Aircraft Corp., 1983-NMCA-110, 670 P.2d 974 (Ct. App. 1983), the Court of Appeals of New Mexico similarly rejected the argument that foreseeability could establish minimum contacts, and found no personal jurisdiction or minimum contacts in the following circumstances:

> [T]he record is devoid of any contact between Scenic Aviation and New Mexico. Scenic Aviation is a fixed-base operator selling aviation fuel in Las Vegas, Nevada. There is no evidence that Scenic Aviation advertises in New Mexico, or sells fuel to New Mexico residents. Without "contacts, ties, or relations" with New Mexico the fact that fuel sold by Scenic Aviation found its way into our state does not support a valid exercise of personal jurisdiction.

1983-NMCA-110, ¶ 19. "[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297. As Tenth Circuit has further explained, because "mere foreseeability" is not sufficient to establish minimum contacts, a plaintiff "must establish . . . not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook intentional actions that were expressly aimed at that forum state." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1077.

Similarly, to find general jurisdiction over a defendant, contacts must be "continuous and systematic" -- therefore, "[s]imply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there"; "correspondence with a forum resident does not support general jurisdiction"; and "sporadic or isolated visits to the forum state will not subject the defendant to general jurisdiction," because a "[defendant's] lack of a regular place of business in [the forum state] is

significant, and is not overcome by a few visits." Shrader v. Biddinger, 633 F.3d at 1247. "[G]eneral jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence within the state." Shrader v. Biddinger, 633 F.3d at 1246.

In Silver v. Brown, the Court considered whether it had specific personal jurisdiction over defendants who allegedly slandered, defamed, and caused the plaintiff -- Michael Silver -- duress, by posting a blog on the internet that portrayed him in a negative light. See Silver v. Brown, 678 F. Supp. 2d 1187, 1204 (D.N.M. 2009)(Browning, J.), aff'd in part and rev'd in part, 382 F. App'x 723 (10th Cir. 2010)(unpublished).  The Court determined that it did not have personal jurisdiction over defendant Jack McMullen, because Silver failed to demonstrate that McMullen "was significantly associated with the blog or controlled it in any way." 678 F. Supp. 2d at 727.  The Court also concluded that it did not have personal jurisdiction over the blog post's author -- Matthew Brown -- because he was not domiciled in New Mexico, had not traveled to New Mexico, and did not transact business here. See 678 F. Supp. 2d at 1211.  The Court said that Brown's blog posts similarly do not establish personal jurisdiction, because

> the blog is closer to an informative website than a commercial website.  No services are offered, and Brown is not collecting revenue from the website. Brown does not interact with the people who post information on the blog. Brown, to the Court's knowledge, did not solicit negative postings on the website. Further, even though people in New Mexico can view the website, the blog is not a website that is directed solely at the people of New Mexico.  The number of people who can access the website in New Mexico in comparison to those who are able to access the website throughout the world, or even in the United States, according to the statistics that Silver provided at the hearing, is nominal.

678 F. Supp. 2d at 1211-12.

On appeal, the Tenth Circuit affirmed the Court's holding as to McMullen, but reversed its decision as to Brown.  See Silver v. Brown, 382 F. App'x at 727-32.  In an opinion that the

Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, authored, and Judges Broby and Ebel joined, the Tenth Circuit applied the three-part test from <u>Calder v. Jones</u> to conclude that the Court had specific personal jurisdiction over Brown.  <u>See</u> <u>Silver v. Brown</u>, 382 F. App'x at 727-32.

Judge McKay explained that, first, the posting of the blog was "clearly an intentional act" designed to damage the plaintiff's reputation.  <u>See</u> 382 F. App'x at 729.  Second, Judge McKay said that Brown had "expressly aimed his blog at New Mexico, where Silver, his business, and the majority of his customers were located."  382 F. App'x at 729.  Judge McKay said: "It was about a New Mexico resident and a New Mexico company.  The blog complained of Mr. Silver's and [his business'] actions in the failed business deal.  Those actions occurred mainly in New Mexico."  382 F. App'x at 729-30.  Third, Judge McKay explained that Brown knew that Silver would suffer the brunt of his injury in New Mexico, as the state was "unquestionably the center of his business activities."  382 F. App'x at 730.

### 4.    <u>New Mexico's Long-Arm Statute.</u>

New Mexico's long-arm statute provides, in relevant part, that its courts may exercise personal jurisdiction over a party "whether or not a citizen or resident of this state . . . as to any cause of action arising from: (1) the transaction of business within this state . . . [or] (3) the commission of a tortious act within this state . . . ."  N.M. Stat. Ann. § 38-1-16.  For New Mexico courts

> to exercise personal jurisdiction over nonresident, out-of-state defendants, the following three-part test must be satisfied:
>
> > (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act.

State Farm Mut. Ins. Co. v. Conyers, 109 N.M. 243, 244, 784 P.2d 986, 987 (1989)(citing Salas v. Homestake Enterprises, Inc., 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987)).  The first and third step of this test have been "repeatedly equated" with the due process standard of "minimum contacts."

F.D.K. v. Hiatt, 1994-NMSC-044, ¶ 7, 872 P.2d 879, 881 (1994).  "When negligent acts occur outside New Mexico which cause injury within the state, a 'tortious act' has been committed for purposes of the long-arm statute."  Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 20.  "As with the transaction of business analysis, rather than engage in a technical analysis of whether the defendant committed a tortious act, we must equate the 'tortious act' which the defendant is alleged to have committed with minimum contacts to determine if due process has been satisfied."  2002-NMSC-018, ¶ 20 (alteration omitted)(internal quotation marks omitted).

## ANALYSIS

The Court will grant the MTD.  GoFit, LLC timely asserted its lack-of-personal-jurisdiction defense, because it denied Fabara's allegation that the Court has personal jurisdiction over it and filed the MTD less than three months after filing the Answer.  The Court does not have personal jurisdiction over GoFit, LLC.  The Court does not have general personal jurisdiction, because Fabara has not shown that GoFit, LLC's contacts with New Mexico are so systematic and continuous as to make it essentially at home here.  The Court does not have specific personal jurisdiction, because Fabara has conceded that his claims do not arise out of GoFit, LLC's New Mexico contacts and has offered no evidence to prove otherwise.

## I.   GOFIT, LLC DID NOT WAIVE ITS LACK-OF-PERSONAL-JURISDICTION DEFENSE.

GoFit, LLC did not file a pre-answer motion to dismiss for lack of personal jurisdiction, but it denied the Complaint's allegation that "Defendant is therefore subject to the jurisdiction of this Court pursuant to N.M.S.A. 1978, § 38-1-16" in its Answer.  Answer ¶ 3, at 1.  Fabara

argues that GoFit, LLC's denial is insufficient to preserve its lack-of-personal-jurisdiction defense and that GoFit, LLC needed to assert the defense among its affirmative defenses.  See Response at 1 (citing Answer ¶¶ 1-5, at 3).  The Court disagrees with Fabara for three reasons.

First, nothing in the Federal Rules of Civil Procedure requires defendants to list lack of personal jurisdiction among its affirmative defenses.  Rule 12(b)(2) sets forth a defense based on "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b) (2).  Rule 12(b) says that "[e]very defense to claim for relief in any pleading must be asserted in the responsive pleading if one is required."  Fed. R. Civ. P. 12(b).  Rule 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either . . . make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."  Fed. R. Civ. P. 12(h)(1).  Although these rules require defendants to mention lack of personal jurisdiction in a motion or responsive pleading, they do not require defendants to list lack of personal jurisdiction in its affirmative defenses.

Rule 8(c) says that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and provides nineteen examples of such defenses, but does not mention lack of personal jurisdiction among them.  Fed. R. Civ. P. 8(c).[7]  Federal Procedure's list of sixteen defenses that must be pled as affirmative defenses despite not being listed in rule 8(c) likewise does not include lack of personal jurisdiction.  See 27 Federal Procedure, Lawyers Edition § 62:83, at 56.  Professors Charles Wright and Arthur Miller provide over two dozen additional affirmative defenses not listed in rule 8(c), but do not mention lack of personal jurisdiction.  See Charles Alan Wright & Arthur R. Miller, 5 Federal Practice and

---

[7]Although the list of nineteen affirmative defenses in rule 8(c) "is not intended to be exhaustive," the rule does not elaborate on how to determine what constitutes an "avoidance or affirmative defense."  Charles Alan Wright & Arthur R. Miller, 5 Federal Practice and Procedure § 1271, at 581 (3d ed. 2004).

Procedure § 1271, at 581-99 (3d ed. 2004).  Moore's Federal Practice does not provide a list of such defenses.  No treatise directly addresses whether lack of personal jurisdiction is an affirmative defense, and no court appears to have analyzed the issue.

The relevant treatises similarly do not provide a standard for what constitutes an affirmative defense.  The Honorable Blair A. Bennett, United States Magistrate Judge for the Northern District of Iowa, has set forth a thoughtful and comprehensive framework for addressing the issue, however.   Judge Blair uses the following factors to determine what constitutes an affirmative defense:

> First, the court will consider the allocation of the burden of proof, reasoning that if the defendant bears the burden of proof on the defense, it is an affirmative defense.  Second, the court will consider whether the defense simply controverts the plaintiff's proof, or instead avoids the plaintiff's claim.  To put it another way, the court will consider whether the defense shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to, not simply controverted.  If so, the defense is an affirmative one.  Third, the specific purposes of Rule 8(c) must not be overlooked.  Thus, the court should consider the need for notice of the defense to avoid surprise and undue prejudice to the plaintiff.  In determining whether such notice is required, the court should consider whether a party may require notice and time not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the affirmative defense.

Red Deer v. Cherokee Cnty., 183 F.R.D. 642, 652 (N.D. Iowa 1999)(citations omitted)(internal quotation marks omitted).

Applying these factors, the Court concludes that lack of personal jurisdiction is not an affirmative defense.  The plaintiff bears the burden of proving personal jurisdiction.  See Wenz v. Memery Crystal, 55 F.3d at 1505 ("[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists.").   A lack-of-personal-jurisdiction defense controverts the plaintiff's allegations and proof -- i.e., the plaintiff's assertion of personal jurisdiction in the complaint -- rather than avoiding the plaintiff's claim if the plaintiff proves all

elements or presenting an alternative explanation for the defendant's conduct.  Finally, because rule 12(h) already provides for waiver if a defendant fails to assert lack of personal jurisdiction in a pre-answer motion or responsive pleading, it is unnecessary for defendants to include the defense among its affirmative defenses to avoid surprising or prejudicing the plaintiff.  Because lack of personal jurisdiction is not an affirmative defense, the Federal Rules of Civil Procedure did not require GoFit, LLC to list the defense among its affirmative defenses.

Second, courts faced with identical circumstances have unanimously held that the defendants preserved their lack-of-personal-jurisdiction defenses.  For instance, in Phat Fashions, LLC v. Phat Game Athletic Apparel, despite not raising the defense in its affirmative defenses, the defendant preserved its lack-of-personal-jurisdiction defense by denying this allegation in its answer: "This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business, including the unlawful activity alleged herein, in this District, and derives substantial revenue from said transaction of business in this District."  2010 WL 1041990, at *3 (citation omitted)(internal quotation marks omitted).  In McDermott v. FedEx Ground Systems, Inc., the defendant preserved the defense solely by denying paragraphs fifteen through seventeen of the complaint, which alleged that the court had personal jurisdiction over the defendants.  See 520 F. Supp. 2d at 257.  In perhaps the most extreme example, the defendant in Boss Products Corp. v. Tapco Intern. Corp. failed to assert lack of personal jurisdiction among its six affirmative defenses, yet preserved the defense by stating, in response to the complaint's allegation of personal jurisdiction, that it "lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 [of the Complaint], and must deny [the] same."  2001 WL 135819, at *1 (alterations in Boss Products Corp. v. Tapco International Corp., but not answer)(internal quotation marks omitted).

Like in those cases, even though GoFit, LLC did not assert lack of personal jurisdiction among its affirmative defenses, it preserved the defense by denying in the Answer the Complaint's allegation that "Defendant is therefore subject to the jurisdiction of this Court pursuant to N.M.S.A. 1978, § 38-1-16." Answer ¶ 3, at 1. Though Fabara cites a string of cases for the proposition that "lack of personal jurisdiction can be waived," none of them address whether a defendant waives the defense by denying the complaint's allegation of personal jurisdiction, but failing to raise it as an affirmative defense. E.g., Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. at 703 ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); Rice v. Nova Biomedical Corp., 38 F.3d at 914 ("[T]he defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so."); Pope v. Elabo GmbH, 588 F. Supp. 2d at 1012-13 (pointing out rule 12(b)'s requirement that a motion asserting a lack-of-personal-jurisdiction defense must be made before a responsive pleading is filed). Fabara does not cite -- and the Court has been unable to find -- a case where a court has held that denying a personal jurisdiction allegation in a complaint, but failing to raise personal jurisdiction as an affirmative defense, waives the defense.

Third, forcing defendants to plead lack of personal jurisdiction as an affirmative defense would elevate form over substance and contravene the federal rules' liberal pleading philosophy. Wright and Miller have advised that, "[i]n accordance with the basic philosophy of the federal rules, the substance of a party's defense or objection rather than its form will control the district court's treatment of a Rule 12(b) motion or a responsive pleading."  5A Federal Practice and Procedure § 1347, at 51.  They conclude that, "neither technical accuracy in the designation of an assertion in the pleadings as a defense, motion, or objection, nor technical accuracy in the

designation of the specific rule under which the defense, motion, or objection is asserted is critical to the assertion's presentation or determination." Federal Practice & Procedure § 1347, at 51.  Rule 8, which governs pleading, underscores this interpretation by noting that courts should construe pleadings "so as to do justice."  Fed. R. Civ. P. 8(f).  In line with the federal rules' liberal purpose, the Court will construe GoFit, LLC's denial of Fabara's personal-jurisdiction allegation as effectively asserting a personal-jurisdiction defense.

GoFit, LLC also did not implicitly waive its personal jurisdiction defense through its conduct in this case.  Even if a defendant asserts the defense of lack of personal jurisdiction in its answer, he or she may implicitly waive the defense by actively participating in the case while waiting to file a rule 12(b)(2) motion.  Unlike defendants who waive their lack-of-personal-jurisdiction defenses by filing dispositive motions on the merits, actively participating in discovery, or filing cross-claims or counter-claims before filing a rule 12(b)(2) motion, see, e.g., Hamilton v. Atlas Turner, Inc., 197 F.3d at 61-62; Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d at 443-44, GoFit, LLC asserted the defense in the JSR about a month after filing the Answer, filed the MTD approximately three months after filing the Answer, and did not participate in discovery until the Court ruled on its Motion for Protective Order,  see Reply at 2-3.  GoFit, LLC's three-month delay in filing the MTD falls within the two- to seven-month delays that courts have found insufficient to constitute waiver.  See, e.g., Brokerwood Products Int'l (U.S.), Inc. v. Cuisine Crotone, Inc., 2004 WL 1541314, at *3 (finding that the district court erred in holding that defendant waived challenge to personal jurisdiction where seven months passed between defendant's answer raising defense and its rule 12(b)(2) motion to dismiss); Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d at 1015 (finding no waiver where defendant filed rule 12(b)(2) motion less than two months after being joined as a

party).   Consequently, GoFit, LLC did not waive its lack-of-personal-jurisdiction defense through its post-Answer conduct.

## II.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER GOFIT, LLC.

To exercise personal jurisdiction over a nonresident defendant in a diversity action, federal courts must satisfy state law and federal due process.  See Doering v. Copper Mountain, Inc., 259 F.3d 1202, 1209-10 (10th Cir. 2001).  New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible."  Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 6.  Thus, the long-arm statute inquiry and the due-process inquiry merge, and the determinative inquiry is whether exercising personal jurisdiction over GoFit, LLC comports with due process.  See OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090 (10th Cir. 1998).

The due-process analysis involves two steps.  First, the nonresident must have "minimum contacts" with the forum state.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  A defendant may have "minimum contacts" with the forum state in one of two ways, providing a court with either general or specific personal jurisdiction.  Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d at 1532-33 (citations omitted).   While general personal jurisdiction allows the court to hear "any and all claims against" the nonresident defendant, specific personal jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)("Goodyear")(citations omitted)(internal quotation marks omitted).  Second, exercising personal jurisdiction over the defendant must comport with "traditional notions of fair play and substantial justice."  Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1070 (internal quotation marks omitted).  Although exercising personal

jurisdiction over GoFit, LLC comports with "traditional notions of fair play and substantial justice," the Court cannot exercise personal jurisdiction over GoFit, LLC, because GoFit, LLC does not have the requisite "minimum contacts" with New Mexico.  Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d at 1532-33.

### A.   THE COURT DOES NOT HAVE GENERAL PERSONAL JURISDICTION OVER GOFIT, LLC.

Fabara argues that the Court has general personal jurisdiction over GoFit, LLC, because GoFit, LLC admitted in the Answer that it "delivered [its] products into the stream of commerce with the expectation that they would be purchased and used by consumers in New Mexico."  Tr. at 16:12-14 (Segel).  Fabara points out that retail stores "all over the state" sell GoFit, LLC's products and pointed to a press release in which GoFit, LLC states that it distributes over 120 fitness products in over five thousand retail stores nationwide.  Tr. at 17:2-18 (Segel)(citing Press Release at 1).

In Goodyear, the Supreme Court rejected the argument that Fabara makes here.  That case involved two boys from North Carolina who were killed in a bus accident outside Paris, France.  See 131 S. Ct. at 2850.  The boys' parents brought a wrongful-death suit in North Carolina state court against Goodyear Tire and Rubber Company, an Ohio Corporation, and Goodyear's Turkish, French, and Luxembourgian subsidiaries.  See 131 S. Ct. at 2850.  The boys' parents alleged, among other things, that the defendants defectively manufactured the bus' tires.  See 131 S. Ct. at 2850.  The North Carolina courts concluded, as Fabara urges the Court to conclude here, that they could exercise general personal jurisdiction over Goodyear's foreign subsidiaries, because they placed their tires "in the stream of interstate commerce without any limitation on the extent to which those tires could be sold in North Carolina."  131 S. Ct. at 2852 (citation omitted)(internal quotation marks omitted).

The Supreme Court reversed.  See 131 S. Ct. at 2854-57.  In an opinion that the Honorable Ruth Bader Ginsburg, Associate Justice of the Supreme Court, authored, the Supreme Court criticized the North Carolina courts' stream-of-commerce analysis as "elid[ing] the essential difference between case-specific and all-purpose (general) jurisdiction."  131 S. Ct. at 2855.  She explained that, while placing a product into the stream of commerce "may bolster an affiliation germane to specific jurisdiction," such contacts "do not warrant a determination that, based on those ties, the forum has general jurisdiction over the defendant."  131 S. Ct. at 2855 (citation omitted).  Justice Ginsburg clarified that general personal jurisdiction does not turn on whether the nonresident defendant's contacts with the forum state are in some sense "continuous and systematic," but rather on whether the defendant's contacts "are so continuous and systematic as to render it essentially at home in the forum state."  131 S. Ct. at 2851 (brackets omitted)(citation omitted)(internal quotation marks omitted).  Justice Ginsburg concluded that, because Goodyear's subsidiaries "are in no sense at home in North Carolina," they are not subject to general personal jurisdiction there.  131 S. Ct. at 2857.

In case there was any doubt as to Goodyear's meaning, the Supreme Court returned to the issue of general personal jurisdiction last year in Daimler AG v. Bauman.  That case involved claims against Daimler, a German manufacturer of Mercedes-Benz vehicles, for the company's collaboration with Argentine state-security forces in alleged human-rights violations.  See 134 S. Ct. at 750-752.  The plaintiffs argued that Daimler's ties to California -- particularly through one of its subsidiaries, which is the largest supplier of luxury vehicles to the California market -- gave rise to general personal jurisdiction.  See 134 S. Ct. at 750-753.  The plaintiffs posited that general personal jurisdiction lies wherever a corporation "engages in a substantial, continuous, and systematic course of business."  134 S. Ct. at 760-61.

In another opinion that Justice Ginsburg penned, the Supreme Court rejected the plaintiffs' general personal jurisdiction argument as "unacceptably grasping."  134 S. Ct. at 761 (citation omitted)(internal quotation marks omitted).  She explained that the paradigmatic bases for general personal jurisdiction over a corporate defendant are the corporation's "place of incorporation and principal place of business."  134 S. Ct. at 760.  She noted that the words "continuous and systematic were used in International Shoe to describe instances in which the exercise of specific jurisdiction would be appropriate," and reinforced that the relevant inquiry for general personal jurisdiction purposes "is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." 134 S. Ct. at 762 (emphasis in original)(citation omitted)(internal quotation marks omitted).

As the Supreme Court has made clear, that GoFit, LLC injected its exercise balls and other products into the stream of commerce -- even knowing full well that those balls would be sold in retail stores in New Mexico -- is insufficient for the Court to exercise general personal jurisdiction over it.  GoFit, LLC is not incorporated in New Mexico and does not have its principal place of business here; thus, the paradigmatic bases of general personal jurisdiction do not apply.  For the Court to exercise general personal jurisdiction over GoFit, LLC, its contacts with New Mexico must be "so continuous and systematic as to render it essentially at home in the forum state."  Daimler AG v. Bauman, 134 S. Ct. at 761 (alteration omitted)(citation omitted)(internal quotation marks omitted).  This inquiry does not focus "solely on the magnitude of the defendant's in-state contacts," but instead "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide."  Daimler AG v. Bauman, 134 S. Ct. at 762 n.20 (citation omitted)(internal quotation marks omitted).  Fabara's allegations and evidence fall short of this stringent standard.

The Tenth Circuit uses the following factors to determine whether a defendant's contacts with the forum state trigger general personal jurisdiction:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

Trierweiler v. Croxton, 90 F.3d at 1533.  All of these factors weigh against exercising general personal jurisdiction over GoFit, LLC.

GoFit, LLC is a corporation organized under Oklahoma law and has its principal place of business there.  See Caswell Decl. ¶¶ 6-7, at 1.  GoFit, LLC does not solicit business in New Mexico through a local office or its agents.  See Caswell Decl. ¶¶ 11-13, at 2.  GoFit, LLC does not send any agents or employees to New Mexico to solicit business.  See Caswell Decl. ¶¶ 11-13, at 2.  GoFit, LLC also does not hold itself as doing business in New Mexico: it does not maintain bank accounts or file tax returns in New Mexico, it has no telephone listing in New Mexico, and its website and advertising do not specifically target New Mexico citizens.  See Caswell Decl. ¶¶ 8-10, at 1-2.

The volume of GoFit, LLC's direct sales to New Mexicans over the internet similarly does not establish that it is "essentially at home" in New Mexico.  Daimler AG v. Bauman, 134 S. Ct. at 761.  Although operating a website that sells products to forum-state residents "can subject the seller to general jurisdiction," courts have denied general jurisdiction "absent substantial sales."  Shrader v. Biddinger, 633 F.3d at 1243.  Unlike Gator.com Corp. v. L.L. Bean, Inc., where California had general personal jurisdiction over L.L. Bean, a nonresident clothing manufacturer, because it had sold "millions of dollars worth of products" to California residents through its catalog, toll-free number, and its Internet website," 341 F.3d at 1074-80,

GoFit, LLC has sold only $20,842.36 worth of products to New Mexicans through its website in over nine years, see Caswell Decl. ¶¶ 16-17, at 2.  GoFit, LLC's sales to New Mexico are more similar to the defendant in Campbell Pet Co. v. Miale, which had only $14,000.00 in sales to Washington residents over eight years -- an amount that the United States Court of Appeals for the Federal Circuit found insufficient for the defendant to be subject to general personal jurisdiction in Washington, see 542 F.3d at 884.  GoFit, LLC's sales also fall short of the four-million dollars in total transactions between the defendant and the forum state that the Supreme Court found insufficient to establish general jurisdiction in Helicopteros.  See 466 U.S. at 411, 418.

Fabara rests his entire general personal jurisdiction argument on the purportedly pervasive presence of GoFit, LLC's products on the shelves of New Mexico retailers.  As the Tenth Circuit made clear in Shrader v. Biddinger, however, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders."  Shrader v. Biddinger, 633 F.3d at 1243.  As an initial matter, it is not possible, from the existing record, for the Court to accurately assess the volume of GoFit, LLC's indirect sales to New Mexico through the stream of commerce.  Aside from submitting a collection of photographs of GoFit, LLC products that Fabara took at local retail stores, Fabara has offered no evidence of the volume of these sales.  Even assuming that GoFit, LLC's products are selling like hotcakes across the state, it does not take an economist to conclude that GoFit, LLC's sales of personal exercise equipment to New Mexicans likely pale in comparison to Daimler's sales of Mercedes-Benz vehicles to Californians, see Daimler AG v. Bauman, 134 S. Ct. at 752, or a helicopter manufacturer's four million dollars in total transactions with Texans, see Helicopteros, 466 U.S. at 411, 418 -- both of which the Supreme

Court found insufficient to establish general personal jurisdiction.[8]   Accordingly, under controlling law, the volume of GoFit, LLC's indirect sales to New Mexicans through the stream of commerce does not justify exercising general personal jurisdiction over it.

The cases that Fabara cites do not dictate a different result.  Fabara argues that three of the Court's personal jurisdiction opinions -- Whiting v. Hogan, Tompkins v. Executive Committee of Southern Baptist Convention, and Emberton v. Rutt -- set forth a spectrum for a nonresident defendant's contacts with a forum state.  See Tr. at 14:16-16:5 (Segel).  Fabara explains that "random, fortuitous, and attenuated contacts" lie at one end of the spectrum, and "systemic and continuous contacts" lie at the other.  Tr. at 16:1-5 (Segel).  Fabara says that, because GoFit, LLC's contacts with New Mexico are closer to "systemic and continuous" than "random, fortuitous, and attenuated," the Court can exercise general personal jurisdiction over it. Tr. at 16:6-8 (Segel).  The Court disagrees.

─────────────────────

[8]Focusing on an absolute dollar amount to determine whether a non-resident defendant is "essentially at home" in the forum state may lead to smaller companies never having sufficient contacts with the forum state.  Daimler AG v. Bauman, 134 S. Ct. at 761.  Recognizing this dilemma, some courts have instead looked at what percentage of the defendant's nationwide and worldwide sales are made to the forum state's residents.  See, e.g., Tomelleri v. MEDL Mobile, Inc., No. CIV 14-2113 JAR, 2015 WL 1957801, at *4 & n.32 (D. Kan. Apr. 29, 2015)(refusing to exercise general personal jurisdiction where installations of the defendant's mobile applications in the forum state accounted for only 1.2% of its installations nationwide and .5% of its installations worldwide); Agape Flights, Inc. v. Covington Aircraft Engines, Inc., 771 F. Supp. 2d 1278, 1287-88 (E. D. Okla. 2011)(refusing to exercise general personal jurisdiction where non-resident defendant's sales to Oklahoma accounted for .040658% of its gross sales over a five-year period); L.H. Carbide Corp. v. Piece Maker Co., 852 F. Supp. 1425, 1435-36 (N.D. Ind. 1994)(finding no general personal jurisdiction where sales in the forum state accounted for eight percent of the defendant's nationwide sales).

Fabara has offered no evidence suggesting that GoFit, LLC's sales to New Mexico constitute a substantial portion of its nationwide or worldwide sales.  Indeed, Fabara has not offered any evidence comparing GoFit, LLC's New Mexico sales to its global or nationwide sales.  Even without that information, however, logic dictates that New Mexico, with a relatively small population, likely would not make up a large percentage of GoFit, LLC's national or global sales.  Accordingly, even under this modified standard, Fabara fails to establish a sufficient volume of sales for the Court to exercise general personal jurisdiction over GoFit, LLC.

As an initial matter, it is worth clarifying that the opinions Fabara cites include an accurate, but incomplete, statement of the general personal jurisdiction standard.  The Court has previously said that, "to find general jurisdiction over a defendant, contacts must be 'continuous and systematic.'"  Whiting v. Hogan, 855 F. Supp. 2d at 1281 (quoting Shrader v. Biddinger, 633 F.3d at 1247).  See Tompkins v. Executive Comm. of S. Baptist Convention, 2015 WL 1569034, at *5 ("A court has general jurisdiction over an out-of-state defendant when the defendant's contacts with the forum state are 'continuous and systematic,' even if the suit is unrelated to the defendant's contacts with the state."  (quoting  Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532-33 (10th Cir. 1996)); Emberton v. Rutt, 2008 WL 4093714, at *5 ("General jurisdiction, on the other hand, lies when the defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant even if the suit is unrelated to the defendant's contacts with the state."  (quoting Helicopteros, 466 U.S. at 415-16 & n.9)).  Those decisions relied, either directly or indirectly, on the Supreme Court's statement in Helicopteros that it had to "explore the nature of [the defendant's] contacts with the State of Texas to determine whether they constitute the kind of continuous and systematic general business contacts" that  warrant exercising general personal jurisdiction.  466 U.S. at 415-16.

Justice Ginsburg noted in Daimler AG v. Bauman that "the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'"  134 S. Ct. at 761 (quoting Goodyear, 131 S. Ct. at 2851)(brackets omitted).  At another point in that opinion, Justice Ginsburg says that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-

country) corporations to hear any and all claims against them when their 'affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.'" 134 S. Ct. at 754 (quoting Goodyear, 131 S. Ct. at 2853-54). In addition to quoting Goodyear, Justice Ginsburg cites Helicopteros for this proposition, see 134 S. Ct. at 754, suggesting that the Supreme Court's statement in Helicopteros -- upon which the Court relied in its previous opinions -- is still good law, but lower courts were perhaps misconstruing it.

Post-Goodyear, the Tenth Circuit has used the more complete standard without overruling its prior general personal jurisdiction cases. See, e.g., Monge v. RG Petro-Machinery (Grp.) Co., 701 F.3d 598, 614 (2012)("General jurisdiction requires that a defendant have contacts with the forum 'so continuous and systematic as to render it essentially at home in the forum State.'" (quoting Goodyear, 131 S. Ct. at 2846, 2851)(brackets omitted)); Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Can., Ltd., 703 F.3d 488, 493 (10th Cir. 2012)("General jurisdiction requires that a defendant have contacts with the forum 'so continuous and systematic as to render it essentially at home in the forum State.'" (quoting Goodyear, 131 S. Ct. at 2846, 2851)(brackets omitted)). Accordingly, the Court concludes that its formulation of the general personal jurisdiction standard in previous opinions is accurate, but incomplete. As the Court has already applied the more complete standard to determine that it lacks general personal jurisdiction over GoFit, LLC, the Court's previous, incomplete formulations of the general personal jurisdiction standard do not dictate a different result.

Those cases' holdings are similarly unhelpful to Fabara. In Whiting v. Hogan, the plaintiffs conceded that the Court lacked general personal jurisdiction over the out-of-state defendants. See 855 F. Supp. 2d at 1285. Tompkins v. Executive Committee of Southern Baptist Convention involved claims that the plaintiffs brought against, among others, out-of-state

defendants for an allegedly fraudulent transfer of the Glorieta Conference Center property in Glorieta, New Mexico. See 2015 WL 1569034, at *5. The out-of-state defendants owned no property in New Mexico, had never maintained bank accounts or offices here, had never conducted any business in the state, and had visited New Mexico infrequently, if at all, in the past few decades. See 2015 WL 1569034, at *6. Accordingly, the Court concluded that it lacked general personal jurisdiction over those defendants. See 2015 WL 1569034, at *6-8. Finally, in Emberton v. Rutt, the Court exercised specific personal jurisdiction over a Texas resident, because he had administered the plaintiffs' trust in New Mexico. See 2008 WL 4093714, at *10-12. Because the Court did not exercise general personal jurisdiction over the non-resident defendants in any of these cases, and because the Court did not discuss when it could exercise general personal jurisdiction over non-resident corporate defendants, those cases do not dictate a different result here.

The final case upon which Fabara relies -- Sproul v. Rob & Charlies, Inc. -- supports the Court's general personal jurisdiction analysis. Fabara argues that, in that case, the Court of Appeals of New Mexico distinguished between manufacturers and primary distributers for personal jurisdiction purposes. See Tr. at 21:1-7 (Segel). According to Fabara, unlike the manufacturer in Sproul v. Rob & Charlies, Inc., which did not have continuous and systematic contacts with New Mexico, GoFit, LLC is a primary distributer of exercise balls and thus has more pervasive contacts with New Mexico that justify exercising general personal jurisdiction over it. See Tr. 21:9-14 (Segel). Fabara misreads Sproul v. Rob & Charlies, Inc.

To be sure, the Court of Appeals of New Mexico drew a distinction between primary distributors "who avail themselves of broad markets with known benefits," and secondary distributors, "whose contacts with the forums state [are] more attenuated." 2013-NMCA-072,

¶ 22.  It did so, however, in the context of specific personal jurisdiction and not general personal jurisdiction.  See 2013-NMCA-072, ¶¶ 16-26.  The analysis on which Fabara relies falls under the heading "Specific Jurisdiction," the paragraphs in which those distinctions are made discuss the stream-of-commerce and purposeful availment theories -- i.e., personal jurisdiction doctrines -- and discuss cases from the Supreme Court of New Mexico and the Supreme Court of the United States that focus on specific personal jurisdiction.  2013-NMCA-072, ¶¶ 16-26 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 287, 295-98; Asahi Metal Indus. Co. v. Superior Ct. of Cali., 480 U.S. 102, 117 (1987); Visarraga v. Gates Rubber Co., 1986-NMCA-021, ¶¶ 1, 15-19, 717 P.2d 596, 597-98, 601-02 (Ct. App. 1986)).  The analysis on which Fabara relies says nothing about general personal jurisdiction.  See 2013-NMCA-072, ¶¶ 16-26.

The relatively brief portion of the Sproul v. Rob & Charlies, Inc. opinion that discusses general personal jurisdiction supports the Court's analysis.  The case involved a third-party plaintiff's indemnification claims against a Taiwanese bicycle-part manufacturer.  See 2013-NMCA-072, ¶¶ 1-2.  The plaintiff argued -- as Fabara argues here -- that the flow of the manufacturer's products into New Mexico was sufficient to establish general personal jurisdiction.  See 2013-NMCA-072, ¶ 13.  The Court of Appeals of New Mexico disagreed, noting that the Supreme Court of the United States rejected that argument in Goodyear.  See 2013-NMCA-072, ¶ 13 (citing Goodyear, 131 S. Ct. at 2855).  The Court of Appeals of New Mexico said: "Mere purchases of goods by customers in New Mexico, even if occurring at regular intervals, are not enough to warrant a state's assertion of [general personal jurisdiction] over a nonresident corporation in a cause of action not related to those purchase transactions."  2013-NMCA-072, ¶ 14 (brackets omitted)(citations omitted)(internal quotation marks omitted)(emphasis in original).  The Court of Appeals of New Mexico concluded that the availability of

the Taiwanese manufacturer's products in New Mexico, by itself, did not establish sufficient contacts for it to be subject to general personal jurisdiction.  See 2013-NMCA-072, ¶ 14. Accordingly, Sproul v. Rob & Charlies, Inc. supports rather than undercuts the Court's general personal jurisdiction analysis.[9]  Because the Court finds that Fabara has not made a prima facie showing that GoFit, LLC has sufficient "minimum contacts" with New Mexico, International Shoe Co., 326 U.S. at 316, the Court does not have personal jurisdiction over GoFit, LLC.

## B.  EXERCISING PERSONAL JURISDICTION OVER GOFIT, LLC WOULD NOT OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.

Because the Court found minimum contacts lacking, it is unnecessary to proceed to the second step of the due-process analysis.  If the defendant had minimum contacts with the forum state, however, the Court would have to determine whether exercising personal jurisdiction

---

[9]At the hearing, Fabara conceded that he is not asserting specific personal jurisdiction, because he did not remember whether he bought the Exercise Ball in New Mexico or in Maryland.  See Tr. at 11:22-13:8 (Court, Segel).  Even if Fabara had not conceded the issue, the Court would not find specific personal jurisdiction.  To exercise specific personal jurisdiction over GoFit, LLC, two elements must be established.  First, GoFit, LLC must have "purposefully directed" its activities at New Mexico residents.  Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d at 1071.  Second, Fabara's claims must "arise out of" GoFit, LLC's forum-related activities.  Burger King Corp. v. Rudzewicz, 471 U.S. at 472.

Fabara has met the first element by showing that GoFit, LLC sold and shipped products directly to New Mexico residents through its website.  See, e.g., L'Athene, Inc. v. EarthSpring, LLC, 570 F. Supp. 588, 593-94 (D. Del. 2008)(exercising specific personal jurisdiction where non-resident defendant operated a website accessible in Delaware, received orders and payments from customers in Delaware, and shipped their products to Delaware); Washington v. www.dirtcheapcig.com, Inc., 260 F. Supp. 2d 1048, 1052 (D. Wash. 2003)(holding that company's sale of cigarettes through a website to Washington residents constituted purposeful availment of the Washington forum and justified exercising specific personal jurisdiction over the defendant); Carrot Bunch Co. v. Computer Friends, 218 F. Supp. 2d 820, 826 (N.D. Tex. 2002)(finding "specific jurisdiction over [the defendant] due to its operation of an interactive Internet website that is used to sell printer inkjet products to Texas residents").  As to the second element, however, Fabara has failed to offer any evidence -- and the Court has found none -- that his claims "arise out of" GoFit, LLC's New Mexico contacts.  Accordingly, even if Fabara had not conceded the issue, the Court would not exercise specific personal jurisdiction over GoFit, LLC.  Burger King Corp. v. Rudzewicz, 471 U.S. at 472

would offend "traditional notions of fair play and substantial justice." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1070 (internal quotation marks omitted).  The defendant bears the burden of "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d at 1078 (internal quotation marks omitted).  This reasonableness analysis requires the weighing of five factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1279-80 (10th Cir. 2005)(internal quotation marks omitted).  Weighing these five factors, the Court concludes that exercising personal jurisdiction over GoFit, LLC would not offend traditional notions of fair play and substantial justice.

### 1.    Litigating the Case in New Mexico Would Not Place a Substantial Burden on GoFit, LLC.

"The burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1061 (10th Cir. 2008)(brackets omitted)(internal quotation marks omitted).  The Supreme Court has noted, however, that "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." Burger King Corp. v. Rudzewicz, 471 U.S. at 474 (internal quotation marks omitted).  In Employers Mutual Casualty Co. v. Bartile Roofs, Inc., the Tenth Circuit concluded that this factor weighed "strongly in favor" of the plaintiff, because the burden was "relatively slight" for the defendant, a Utah resident, "to litigate in the adjacent state

of Wyoming."  618 F.3d at 1162.  Likewise, the burden is "relatively slight" for GoFit, LLC, an Oklahoma corporation to litigate "in the adjacent state" of Oklahoma.  Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d at 1162.

GoFit, LLC also has not identified any particular burden arising from having to defend this case in New Mexico.  See Dudnikov v. Chalk & Vermilion Fine Arts, Inc. 514 F.3d at 1081 (noting that "one side must bear the inconvenience of litigating on the road," and "defendants have not indicated that their defense of this case would be hindered by the territorial limits on the [forum's] power to subpoena relevant witnesses, or indeed hampered in any other significant way" (internal quotation marks omitted)).  The reality is that GoFit, LLC is probably insured, the insurance company has retained Allen, Shepherd, Lewis, Syra & Chapman, P.A. to represent GoFit, LLC, and the insurance company will retain another law firm in Oklahoma.  GoFit, LLC is probably not directing the defense at all.  Accordingly, forcing GoFit, LLC to litigate this dispute in New Mexico is neither "gravely difficult" nor sufficiently "inconvenient," Burger King Corp. v. Rudzewicz, 471 U.S. at 478 (internal quotation marks omitted), and this factor weighs in Fabara's favor.

## 2.    New Mexico's Interest in Adjudicating the Dispute Weighs in Fabara's Favor.

"States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."  AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d at 1062 (internal quotation marks omitted).  "The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's laws."  OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d at 1096.

"In a diversity action, a federal district court must apply the substantive law of the state in which it sits . . . including principles regarding choice of law."  Vandeventer v. Four Corners

Elec. Co., Inc., 663 F.2d 1016, 1017 (10th Cir. 1981).  If the case remains in New Mexico, New Mexico choice-of-law principles apply.  "In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi* -- that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." Abraham v. WPX Energy Prod., LLC, 20 F. Supp. 3d 1244, 1265 (D.N.M. 2014)(Browning, J.)(quoting Terrazas v. Garland & Loman, Inc., 2006-NMCA-111, ¶ 12, 142 P.3d 374, 378 (Ct. App. 2006))(internal quotation marks omitted).  Accordingly, because Fabara's injuries occurred in New Mexico, New Mexico law applies.  See Torres v. State, 1995-NMSC-025, ¶ 14, 894 P.2d 386, 390 (1995)(observing that the place of the wrong is the location of the last act necessary to complete the injury).

Even if the case were tried in the District of Oklahoma, New Mexico law would apply. Federal courts sitting in Oklahoma must use Oklahoma choice-of-law principles.  See Vandeventer v. Four Corners Elec. Co., Inc., 663 F.2d at 1017.  Under Oklahoma conflict-of-law rules, the rights and liabilities of parties in a tort action are to be determined by the substantive law of the state having the most significant relationship to the occurrence and to the parties involved.  See Childs v. State of Oklahoma ex. rel. Okla. State Univ., 848 P.2d 571, 578, n.41 (Okla. 1993).  The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (i) the place where the injury occurred, (ii) the place where the conduct causing the injury occurred, (iii) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (iv) the place where the relationship, if any, between the parties occurred.  See Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974).

Fabara is domiciled in New Mexico and GoFit, LLC is incorporated in Oklahoma, so this factor is neutral.  Neither party has presented any evidence indicating where the conduct causing the injury occurred -- i.e., where the Exercise Ball was manufactured or designed -- so that factor is also neutral.   Neither party has presented any evidence indicating the place where the relationship between the parties occurred -- i.e., where the Exercise Ball was placed into the stream of commerce.  Cf. Patten v. General Motors Corp., Chevrolet Motor Div., 699 F. Supp. 1500, 1509 (W.D. Okla. 1987)("Oklahoma is the state where the relationship of the parties was centered in that the van was sold and placed in the stream of commerce in that state.").  GoFit, LLC's Asian manufacturer could have placed it into the stream of commerce in Asia, Source One could have placed it into the stream of commerce in California, or GoFit, LLC could have placed it into the stream of commerce in Oklahoma or some other state.  As there is no evidence in the record suggesting where the Exercise Ball was placed into the stream of commerce, this factor is also neutral.  Finally, there is no dispute that Fabara's injury occurred in New Mexico, so this factor weighs in favor of applying New Mexico substantive law to Fabara's claims.  As a result, even if the case were transferred to Oklahoma, New Mexico law would still apply to Fabara's claims.  Given that the injury occurred here, Fabara is a New Mexico resident, and New Mexico law will govern his claims, New Mexico's interest in adjudicating this dispute weighs in Fabara's favor.

### 3.   Fabara's Interest in Convenient and Effective Relief Weighs Slightly in His Favor.

"This factor hinges on whether the plaintiff may receive convenient and effective relief in another forum."  AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d at 1062 (brackets omitted) (internal quotation marks omitted).  When applying this factor, courts note that it "may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing [it]

to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd., 488 F.3d 1282, 1294 (10th Cir. 2007)(internal quotation marks omitted).

Nothing in the record suggests that Fabara's "chances of recovery will be greatly diminished by forcing [him] to litigate in another forum." TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd., 488 F.3d at 1294 (internal quotation marks omitted). Moreover, as Oklahoma is adjacent to New Mexico, it would not be prohibitively expensive or burdensome for Fabara to litigate this case there. Accordingly, this factor weighs in favor of GoFit, LLC.

### 4.    The Interstate Judicial System's Interest in Obtaining the Most Efficient Resolution of Controversies Is Neutral.

"This factor asks whether the forum state is the most efficient place to litigate the dispute." AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d at 1062 (internal quotation marks omitted). "Key to this inquiry are the location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd., 488 F.3d at 1296 (internal quotation marks omitted).

The location of witnesses is neutral. Although it is impossible to say for certain at this stage of the case, Fabara likely has all of his witnesses in New Mexico -- individuals who witnessed the alleged incident and doctors who treated him -- and GoFit, LLC likely has all of its witnesses at its corporate headquarters in Oklahoma. Next, as already noted, the wrong underlying the lawsuit occurred in New Mexico, and New Mexico law governs Fabara's claims, suggesting that New Mexico is the most efficient place to litigate the dispute. Litigating the case in Oklahoma might be necessary to prevent piecemeal litigation, because GoFit, LLC intends to

join Source One -- a California company -- and potentially GoFit, LLC's Asian manufacturer. Although GoFit, LLC says that its manufacturer and Source One "may be more readily subject to suit" in Oklahoma, Reply at 8, see Tr. at 9:20-10:1 (Reed), GoFit, LLC has not offered any evidence to prove that either its manufacturer or Source One is more likely subject to personal jurisdiction in Oklahoma than in New Mexico.  The reality is that no court may have jurisdiction over GoFit, LLC, Source One and GoFit, LLC's Asian manufacturer for Fabara's claims. Although the Court does not know for certain, Source One and GoFit, LLC's Asian manufacturer are more likely subject to suit in Oklahoma than in New Mexico, because of their ongoing contractual relationship with GoFit, LLC in Oklahoma.  Given that the location of witnesses is neutral, the wrong underlying the lawsuit occurred in New Mexico, New Mexico law governs Fabara's claims, and litigating this case in Oklahoma is more likely to prevent piecemeal litigation, this factor is neutral.

### 5.    The States' Interests in Their Substantive Social Policies.

This factor considers all of the relevant states' interests in "advancing fundamental substantive social policies."  OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d at 1097. "[A]nalysis of this factor focuses on whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations."  OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d at 1097.  The parties have not argued that the exercise of personal jurisdiction in New Mexico would negatively affect the social policy interests of any other state.  Moreover, the court has not identified any substantive social policies in other states that a New Mexico court's adjudication of this matter would undermine.  This factor therefore weighs in favor of Fabara.

In sum, the balance of factors weighs in Fabara's favor. It therefore would not offend traditional notions of fair play and substantial justice to subject GoFit, LLC to personal jurisdiction here. Because Fabara has failed to demonstrate the requisite minimum contacts, however, the Court cannot properly exercise personal jurisdiction over GoFit, LLC. Accordingly, the Court will grant the MTD.

This case demonstrates why the traditional general and specific personal jurisdiction doctrines may need to be updated. If large corporations like Daimler -- which may be self-insured -- know that their products are going to end up in California, there is no sound reason for due process to limit jurisdiction to Delaware (often the place of incorporation) or New York (often the corporate headquarters). It is no more inconvenient for Daimler to hire a law firm to represent it in California, than it would be to hire a firm in Delaware or New York. In an age of national law firms, Daimler will likely have the same law firm regardless where the case is tried. For mid-size and small companies like GoFit, LLC, the case for broader general jurisdiction seems even more compelling, because an insurance company is probably dictating the defense. Insurance companies typically have law firms in all fifty states, and, with the advent of video conferencing, electronic mail, and relatively inexpensive national and international travel, it seems that forcing a company to try a case in New Mexico is not significantly less convenient than forcing it to try a case in Buffalo, Syracuse, or Albany, when its headquarters is in New York City. It seems that, if a manufacturer puts its products in the stream of commerce knowing that they will end up in New Mexico, it is hypertechnical to punish New Mexico residents rather than making an Oklahoma corporation hire a law firm here.

The Honorable Thurgood Marshall, then-Associate Justice of the Supreme Court, recognized these concerns over thirty years ago in his dissent in World-Wide Volkswagen Corp. v. Woodson, when he noted that

> the "quality and nature" of commercial activity is different, for purposes of the International Shoe test, from actions from which a defendant obtains no economic advantage. Commercial activity is more likely to cause effects in a larger sphere, and the actor derives an economic benefit from the activity that makes it fair to require him to answer for his conduct where its effects are felt. The profits may be used to pay the costs of suit, and knowing that the activity is likely to have effects in other States the defendant can readily insure against the costs of those effects, thereby sparing himself much of the inconvenience of defending in a distant forum.

444 U.S. at 317 (Marshall, J., dissenting).

Justice Marshall's words ring with particular force thirty years later. In the twenty-first century, many companies do not target a specific state or region; they target the entire United States. They formulate national marketing, distribution, and production strategies. They hire national or international law firms to defend them. They hire national insurance companies to pay their legal fees. It seems incongruous to allow a company to benefit from nationwide sales while limiting consumers' suits to the company's state of incorporation or principal place of business. If the ultimate aim of due process is fairness, it is unclear why the nation should shift the burden of litigating these cases from national corporations -- which are more than able to defend against lawsuits in any state in the country -- to consumers, for whom litigating a case across the country is often cost-prohibitive. A more pragmatic approach to personal jurisdiction would recognize these trends. Fabara should not have to drive or fly to Oklahoma to seek a remedy for his injuries when GoFit, LLC's products line the shelves of New Mexico retailers. In the twenty-first century, minimum contacts over national manufacturers ought to be lower, and, while the Court concludes that it has faithfully applied controlling law in this Memorandum

Opinion and Order, it believes that GoFit, LLC's contacts with New Mexico should satisfy the minimum-contacts requirement.

**IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction, filed March 17, 2015 (Doc. 21), is granted and this case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ronald Segel
Will Ferguson & Associates
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joshua A. Collins
Christopher R. Reed
Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*